■ DOMINIC BARTHOLOMEW et al., Appellants, v. ROCCO ZINNI, Respondent. — Judgment as to plaintiff Angeline Bartholomew reversed on the law and facts and in the interest of justice, and a new trial granted, with costs to plaintiff to abide the event, and otherwise judgment affirmed. Memorandum: This accident occurred as a result of defendant backing his automobile out of a private driveway and into a public street where it collided with plaintiff Dominic Bartholomew's automobile which was traveling on the public highway. There was testimony from which the jury might well have concluded that both drivers were negligent under the circumstances. Plaintiff Angeline Bartholomew was a passenger and the record contains no direct evidence pointing to contributory negligence on her part. The Trial Judge in his charge failed to distinguish between the plaintiff passenger and the plaintiff driver in discussing the respective duties of each as to negligence and contributory negligence. He linked the two plaintiffs together and referred to them in the plural. The court charged in part: " In all negligence cases, the burden is upon the plaintiffs. They must establish to your satisfaction by a fair preponderance of the evidence, three things. One, they must first satisfy you that the defendant was negligent. Two, they must next satisfy you that they in no way contributed to the happening of the accident." Thus, the jury was instructed that if either was negligent or contributorily negligent, neither could recover. That, of course, was error because any negligence of the plaintiff husband-driver would not be imputable to the plaintiff wife, who was a passenger. Her recovery could only be defeated if she herself was guilty of contributory negligence. This portion of the charge was highly prejudicial to the plaintiff passenger and served only to confuse the jury. There was no exception to this charge so, if we reverse we must do so in the interest of justice. An examination of the entire record leads us to the conviction that justice requires a reversal and a new trial as to the plaintiff passenger-wife. All concur, except Williams, P. J., and Henry, J., who dissent and vote for affirmance in the following Memorandum: We admit that the portion of the charge quoted in the prevailing memorandum was somewhat confusing. However, any confusion was eliminated and the rules of law clarified in a later portion of the charge when the Justice instructed that the husband could recover in his derivative action only if his wife was entitled to recover and if he himself was free from contributory negligence. The effect of this latter was to instruct the jury that a finding of negligence against the husband would not necessarily deprive the wife of her right of recovery. Considering the charge as a whole it does not seem that there should have been any confusion on the part of the jurors as to the correct rules of liability. The defendant's counsel took no exception to the charge. The majority reverses in the interest of justice. As a matter of fact the interest of justice does not require a reversal but rather an affirmance of this very appropriate determination of the facts by the jury. (Appeal from judgment of Genesee Trial Term in favor of defendant of no cause for action in an automobile negligence action.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.