654

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARNER A. BROWN, JR., Appellant.— Order unanimously affirmed. Memorandum: Defendant claiming to be an indigent, seeks the minutes of a suppression hearing, minutes of a *Huntley* hearing, minutes of his plea of guilty to manslaughter in the first degree, and minutes of his sentencing. It appears that all these minutes have been transcribed and are in the Erie County Clerk's Office and available to his attorney. Further, minutes of the plea proceeding were served upon defendant by the People in a proceeding brought subsequent to this one and in that same proceeding he refers to the page numbers of the sentencing minutes which he apparently has or to which he has access. Consequently, his application is academic. (Appeal from order of Erie County Court denying motion for free papers.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ MERLE C. BROOKS, Appellant, et al., Plaintiff, v. HAROLD R. ASHE, Respondent.— Judgment insofar as appealed from unanimously reversed on the law and facts and a new trial granted, with costs to abide the event. Memorandum: The finding implicit in the verdict that the plaintiff was guilty of contributory negligence is against the weight of the evidence. (Appeal from certain parts of judgment of Monroe Trial Term in negligence action.) Present — Del Vecchio, J. P., Marsh, Moule, Bastow and Henry, JJ.

■ MICHAEL IWANICKI, as Administrator of the Estate of MARIA IVALADOW, Deceased, Appellant, v. STANLEY MUSZYNSKI et al., Respondents.— Judgment unanimously reversed on the law and facts and new trial granted, with costs to abide the event. Memorandum: In this negligence action plaintiff's intestate, during his lifetime, was a passenger in a vehicle owned and operated by plaintiff which was in collision with a vehicle owned by one defendant and operated by the other. In its charge the court correctly instructed the jury that plaintiff might recover if the accident occurred through the concurring negligence of both operators — plaintiff and defendant husband. It concluded, however, with the statement that if the jury found that plaintiff operator of the car in which his intestate was a passenger was proximately negligent "you will find for the defendant even though you may determine that the defendant also was careless and negligent." This, of course, was an erroneous statement of the law which the court refused to correct when the error was brought to its attention by suitable exception and request to change. A new trial is mandated. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Bastow, JJ.