BLANCHE VRANICK, Respondent, v. JOHN VRANICK, Appellant.— In an action in which the defendant husband was granted a judgment of divorce on June 26, 1969, after a nonjury trial, he appeals from an order of the Supreme Court, Queens County, dated June 30, 1972, which granted plaintiff's motion to modify the judgment to the extent of (1) deleting therefrom a provision limiting alimony to a period of three years, (2) ordering defendant to pay $61 per week for alimony and child support and (3) granting plaintiff a counsel fee of $200. Order modified, on the law, by striking from the first decretal paragraph thereof the words " granted to the following extent " and substituting therefor the word " denied ", by striking the second decretal paragraph in its entirety and by striking from the third decretal paragraph the words " $61.00 per week for the support of the plaintiff wife and " and substituting therefor the words " $30.00 per week for ". As so modified, order affirmed, without costs. The findings of fact below have not been affirmed. At the trial the parties entered into an agreement providing, *inter alia*, that defendant would pay $61 per week as alimony for plaintiff and support for the parties' infant child. At the expiration of three years from June 30, 1969, alimony payments were to cease and defendant was to continue paying $30 per week as support for the child. In consideration of this agreement, plaintiff agreed to withdraw her complaint (for separation) and to withdraw her reply to defendant's counterclaim for divorce. After taking the testimony of defendant on the allegations in his counterclaim, the trial court awarded him a divorce on the ground of plaintiff's cruel and inhuman treatment of him. The judgment embodied the terms of the stipulation with regard to alimony and support. Before the expiration of the three-year limitation on alimony, plaintiff moved to modify the judgment so as to delete the limitation provision and to obtain an increase in alimony and support payments. Special Term granted a modification to the extent of deleting the limitation provision, but in effect denied an increase in payments. In our opinion, Special Term lacked the power to modify the judgment with regard to the alimony provisions. Since judgment was granted to defendant based upon plaintiff's misconduct, the trial court itself lacked the power to award alimony to plaintiff (Domestic Relations Law, § 236; *Math* v. *Math,* 39 A D 2d 583, affd. 31 N Y 2d 693). On this appeal, plaintiff contends that the settlement constituted a waiver of the provisions of section 236 of the Domestic Relations Law. Assuming *arguendo* that there was such a waiver, it was limited by the terms of the settlement to a period of only three years. It is our opinion that as between the parties the stipulation constituted a valid enforceable contract to pay a certain sum for three years as alimony. While plaintiff could properly sue to enforce this agreement, it was error to grant her motion to modify it. The court does not have the power to modify or alter a stipulation in any material detail without the assent of both parties, absent fraud or overreaching (*Shapiro* v. *Danzig,* 267 App. Div. 949; *Galusha* v. *Galusha,* 116 N. Y. 635, 646). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.