Stewart F. Hancock, J.
Petitioner, a fire fighter of the City of Syracuse, seeks an order compelling the respondents to comply with a judgment of this court entered after hearing on November 15, 1972 directing that the city pay petitioner his full salary pursuant to section 207-a of the General Municipal Law and ordering that petitioner be reimbursed “ for medical and hospital costs attributable to his heart condition, paid by him, within 15 days ” from the service of the order. (See Geremski v. Department of Fire, 72 Misc 2d 166, affd. 42 A D 2d 1050.) After unanimous affirmance by the Appellate Division on October 31,1973, the Court of Appeals, on February 14, 1974, denied leave to appeal (33 N Y 2d 521). Prior to the return date of this motion the city paid and petitioner accepted the sum of $16,501.79, the amount the city concededly owed for salary. There remains in dispute, however, over $12,000 in hospital and medical bills which have been paid, not by petitioner, himself, but on his behalf through a Blue Cross-Blue Shield insurance policy. It is conceded that the premium for such policy was paid entirely by the city with no contribution from petitioner.
*557 The city contends that it should receive credit for the payments made under the Blue Cross-Blue Shield policy pursuant to the judgment, which provides, inter alia, that the city “ be credited ” with “ any and all medical and hospital costs paid to said petitioner or for or on his behalf attributable to his heart condition from June 20, 1969.” (Emphasis added.) In this court’s opinion, such payments by the insurance company of petitioner’s medical expenses must be construed to have been payments “ for or on [petitioner’s] behalf ” within the meaning of the quoted provision. It is not claimed that the judgment, which was entered on petitioner’s motion and doubtless drawn by his attorney, is ambiguous or that it should be modified or corrected. The judgment is final and conclusive, and the parties must abide by its terms which clearly direct the credits claimed by the city.
Notwithstanding the wording of the judgment, petitioner contended on oral argument that the Blue Cross-Blue Shield policy was a fringe benefit guaranteed in a collective bargaining agreement and that to allow the credit for the payments would amount to an illegal deprivation of the equivalent of wages due to petitioner. Since the record lacks affidavits or other proof concerning the collective bargaining agreement, the negotiations or other evidence pertinent to the issue, the contention must for this reason be rejected. Even disregarding the lack of proof, however, the argument would fail as legally insufficient. That the Legislature, in enacting section 207-a of the General Municipal Law, did not consider medical treatment and hospital care to be synonymous with wages or to be paid as such, is evident from the language of the statute. Section 207-a distinguishes between the two categories of municipal liability by providing that the fireman “ shall be paid by the municipality * * * the full amount of his regular salary or wages until his disability arising therefrom has ceased ” (emphasis supplied), while, in connection with service-related medical expenses, requiring only that “ such municipality * * * shall be liable for all medical treatment and hospital care ”. (Emphasis supplied.) Clearly the Legislature intended by this choice of language that the latter liability could be discharged by payment directly tó the doctor or hospital furnishing the treatment.
There are further grounds to reject petitioner’s suggestion that “ wages,” as used in section 207-a of the General Municipal Law, should be interpreted to include fringe benefits. When, in other contexts, the Legislature has intended that the term *558 “ wages ” be interpreted broadly, it has said so explicitly. (See, e.g., Debtor and Creditor Law, § 22, subd. 2, par. [a]; Business Corporation Law, § 630, subd. [b] [formerly Stock Corporation Law, § 71].) The Legislature amended both statutes to provide expressly that the term “ wages ” as used therein should be interpreted broadly to include various fringe benefits (L. 1952, ch. 794). Likewise, the Legislature recently amended section 198-c of the Labor Law to include fringe benefits within the term “ wages ” (L. 1967, ch. 390, § 3) (overruling People v. Vetri, 309 N. Y. 401, which had held that the term “ wages ” as used in Labor Law, § 196, subd. 2, should be read narrowly to exclude fringe benefits such as vacation pay). In each of the above instances, the Legislature expressly adopted a broad definition of ‘ ‘ wages ’ ’ when deemed necessary to fulfill the policy of the statute. No such action has been taken by the Legislature with respect to section 207-a of the General Municipal Law.
In any event, the issue here concerns solely the city’s statutory obligation under section 207-a of the General Municipal Law — not some superimposed contractual liability under a collective bargaining agreement or other contract with petitioner. In the opinion of this court the municipality’s obligation was fully discharged when it caused the service-related medical and hospital bills to be paid whether by direct payments from the city or indirectly pursuant to an insurance policy paid for by it. To hold otherwise would result in a double payment and a windfall profit to petitioner merely because the city has insured its statutory liability for service-related medical costs rather than act as self-insurer. Such an anomalous result was not intended, in the court’s opinion, by the enactment of section 207-a of the General Municipal Law. As a general principle double payments are frowned upon, and several employee benefit statutes, including section 207-a, have been construed to reflect this policy. (See Matter of Birmingham v. City of Niagara Falls, 282 App. Div. 970; Matter of Sullivan v. Seely Son, 226 App. Div. 629; Matter of Robinson v. Cole, 193 Misc. 717.)
It is the conclusion of this court that the city should receive credit, under the November 15, 1972 judgment, for the hospital and medical bills paid qn petitioner’s behalf through the Blue Cross-Blue Shield policy.
Either party-may, if deemed necessary or desirable, submit a further judgment directing payments by the city in a manner consistent with this decision.