FOURTH DEPARTMENT, DECEMBER, 1974

(December 5, 1974)

■ CAROLE GULLO, Appellant, v. JAMES GULLO, Respondent. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: On March 21, 1969 Carole A. Gullo commenced an action for divorce against James A. Gullo on the grounds of adultery and cruel and inhuman treatment. James counterclaimed for divorce on the same ground. On May 19, 1969 Carole obtained an order granting her temporary alimony of $80 per week. In October, 1969, she commenced another action against James. This action sought to impress a constructive trust on one half of the stock of three corporations in which James was the sole shareholder. The divorce action and the trust action were joined for trial on October 30, 1970 and a nonjury trial was commenced on February 18, 1971. At the outset of the trial, the parties stipulated in open court that Carole would withdraw her action for divorce and allow James to prove his counterclaim without opposition on the condition that Carole would be awarded alimony in an amount to be determined by the court. The litigation then proceeded through eight days of testimony on James' net worth and on Carole's interest in the three corporations. At its conclusion, the trial court awarded James a divorce on the ground of cruel and inhuman treatment but denied Carole permanent alimony or temporary alimony arrears on the ground that section 236 of the Domestic Relations Law prohibits an alimony award to a wife guilty of conduct constituting grounds for divorce. The court further refused to impress a constructive trust on the assets of the three corporations. Carole was awarded $2,500 for counsel fees and $324.68 disbursements. These amounts were calculated by the trial court as being the part of her total expenditures attributable to the divorce portion of her action. Under section 236 of the Domestic Relations Law, a court has no power, as a matter of law, to direct a husband to pay alimony to a wife who is guilty of misconduct constituting grounds for divorce (*Math* v. *Math*, 39 A D 2d 583, affd. 31 N Y 2d 693; *Sacks* v. *Sacks*, 26 A D 2d 575; *Matter of Glover* v. *Glover*, 64 Misc 2d 374; *Beanland* v. *Beanland*, 54 Misc 2d 1010). A stipulation in open court cannot be considered a separation agreement (*Matter of Oswald* v. *Oswald*, 73 Misc 2d 607). Also, parties may not contract to dissolve a marriage (General Obligations Law, § 5-311) nor may they stipulate to confer subject matter jurisdiction on a court where none exists (*Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 301.02). The stipulation, therefore, was void. Both parties were mistaken as to the law. Where possible in such situations, equity permits the court to return them to their status at the time the agreement was made (*Haviland* v. *Willets*, 141 N. Y. 35; *Ryon* v. *John Wanamaker, New York, Inc.*, 116 Misc. 91, affd. 202 App. Div. 848, affd. 235 N. Y. 545; *Bowden* v. *Owen*, 103 Misc. 56, affd. 187 App. Div. 910, affd. 227 N. Y. 612; *Matter of Robida* v. *Mirrington*, 1 Misc 2d 968; CPLR 3005). (Appeal from judgment of Erie Trial Term in divorce action.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.

■ CAROLE GULLO, Appellant, v. JAMES GULLO, Respondent. (Appeal No. 2) — Judgment unanimously affirmed. Same memorandum as in *Gullo* v. *Gullo* (46 A D 2d 991). (Appeal from judgment of Erie Trial Term in action to impress trust.) Present — Marsh, P. J., Witmer, Moule, Simons and Del Vecchio, JJ.