■  RUTH KATZ, Respondent, v HOWARD KATZ, Appellant.—Judgment of the Supreme Court, Kings County, dated September 25, 1974, affirmed, with costs (cf. *Vranick v Vranick,* 41 AD2d 663). Hopkins, Acting P. J., Latham, Christ, Brennan and Shapiro, JJ., concur.

■  MAX L. KELLS, Appellant, v SHARON K. KELLS, Respondent.—In this matrimonial action in which the plaintiff husband has appealed from a judgment of the Supreme Court, Queens County, dated March 4, 1974, this court, by order entered February 18, 1975, remitted the case to the trial court for the making of specific findings of fact upon which the judgment was based, and, in the interim, the appeal was held in abeyance. Upon consideration of the entire record, including the findings of fact, which have now been received, the judgment of March 4, 1974 is affirmed, without costs. No opinion. Hopkins, Acting P. J., Latham and Christ, JJ., concur; Shapiro, J., dissents and votes to modify the judgment by granting a divorce to plaintiff, dismissing defendant's counterclaim for divorce and vacating the award of alimony, with the following memorandum: In this matrimonial action, in which the plaintiff husband sought a divorce and the wife counterclaimed for a divorce, alimony, child support and custody of the infant issue of the marriage, Special Term dismissed the complaint and granted the wife a divorce. This court remanded the case "to the trial court for the making of specific findings of fact upon which the judgment under review was based" and held the appeal in abeyance in the meantime (47 AD2d 657). The trial court has now submitted its purported "specific" findings. They are anything but "specific", consisting, as they do, of generalities and conclusions. We are now no better off than we were before we remanded the case. To send this matter back again to the trial court would simply be an exercise in futility. I have, therefore, rereviewed the record and I am convinced that plaintiff proved the adultery of his wife by clear and convincing evidence and that her counterclaim is devoid of merit.