■ GENE A. YOUNG et al., Appellants, v CLARENCE A. HACKETT, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The jury's verdict is supported by the credible evidence in the record that plaintiff husband failed to bring his vehicle to a full stop at the stop sign controlling traffic entering Niagara Falls Boulevard but instead drove his vehicle into the path of the oncoming defendant's car when defendant was three or four car lengths, or less, away from the intersection. While it was error for the court to deny counsel's requested charge that the negligence of plaintiff husband may not be imputed to his passenger wife riding in the back seat and exercising no control over the operation of the vehicle *(Iwanicki v Muszynski,* 33 AD2d 654; *Bartholomew v Zinni,* 25 AD2d 480), the error was harmless *(McLean v Triboro Coach Corp.,* 302 NY 49; *Bell v Wick Motor Sales,* 29 AD2d 628; *Griswold v Newman,* 259 App Div 1111). The form of the jury's verdict makes it clear that the case was not decided on the basis of contributory negligence but rather the failure to prove that the defendant was negligent. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present,—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ JAMES AQUINO, Appellant, v JOSEPHINE AQUINO, Respondent.—Order unanimously affirmed, with costs. Memorandum: Not only did plaintiff waive the right to assert section 236 of the Domestic Relations Law prohibiting alimony to a wife where the divorce was obtained upon the grounds of her misconduct, but having not appealed from the award of alimony, plaintiff cannot now relitigate the legality of such award. Plaintiff's contention that defendant was living with another man and holding herself out as his wife within the meaning of section 248 of the Domestic Relations Law was not established on the record. In view of the changed circumstances of the plaintiff the reduction in alimony payments ordered from $45 per week to $40 per week was proper. (Appeal from order of Erie Supreme Court modifying divorce decree.) Present—Marsh, P. J., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ In the Matter of FRANCIS R. GEREMSKI, Appellant, v DEPARTMENT OF FIRE OF THE CITY OF SYRACUSE et al, Respondents.—Order unanimously affirmed, with costs, upon the opinions at Special Term, Hancock, J. (Appeal from order of Onondaga Special Term in contempt proceeding.) Present— Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ. [78 Misc 2d 555.]