■ SANDRA CARTER, Respondent, v CHESTER L. CARTER, Appellant.—In a matrimonial action in which the defendant husband was granted a judgment of divorce, he appeals from three orders of the Supreme Court, Nassau County, as follows: (1) from so much of an order dated June 27, 1975 as awarded plaintiff a counsel fee in the amount of $500; (2) as limited by his brief, from so much of an order entered August 11, 1975 as modified the judgment by requiring him to pay alimony of $50 per week to plaintiff; and (3) from an order entered December 16, 1975 which awarded a $400 counsel fee to plaintiff for the defense of the appeals from the above-mentioned orders. Orders affirmed insofar as appealed from, with one bill of $50 costs and disbursements. The plaintiff wife sued for divorce on the ground of cruel and inhuman treatment. Defendant counterclaimed for divorce on the same ground. After extensive negotiations, plaintiff consented to withdraw her complaint and her answer to the counterclaim in consideration for defendant's agreement to, among other things, pay $50 per week alimony. They spread this stipulation upon the record, specifically stating that it would *survive* the decree. The trial court, however, deleted the alimony provision before signing the proposed judgment, on the ground that section 236 of the Domestic Relations Law precluded an award of alimony as the divorce was based upon the wife's misconduct. Accordingly, the defendant has paid no alimony. Defendant's voluntary agreement, spread upon the record and stated to survive the judgment, waived the protection of section 236 of the Domestic Relations Law. Special Term was therefore empowered to modify the judgment by awarding alimony (see *Winsman v Winsman,* 46 AD2d 820; *Aquino v Aquino,* 49 AD2d 1013). However, such modification is limited by the terms of the stipulation and cannot exceed the $50 per week agreed upon. These facts also support an independent contract obligation (see *Vranick v Vranick,* 41 AD2d 663). An award of counsel fees under section 237 of the Domestic Relations Law is not subject to the alimony-bar provision of section 236 *(Thompson v Thompson,* 44 AD2d 849). The orders under review represent proper exercises of discretion in granting alimony upon the wife's modification application and for her defense of the appeal. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.