Eli Wager, J.
The plaintiff (former wife), a resident of Florida, moves to punish her former husband for contempt for failure to make alimony payments as required by the judgment of divorce, or in the alternative for a wage deduction order pursuant to section 49-b of the Personal Property Law. The successful defendant, a resident of New York, cross-moves to punish the plaintiff for contempt on the ground that she is in violation of the judgment of divorce in that she has taken unlawful custody of the infant daughter of the parties, age I6V2, and has impaired and impeded his rights of custody and visitation by detaining the child contrary to the judgment.
In this bitterly contested divorce action, after stipulation between the parties, the defendant was awarded a judgment of divorce against the plaintiff on the grounds of her abandonment of the defendant. The judgment as finally resettled was granted December 4, 1975 and entered December 8, 1975. The terms of the stipulation, incorporated but not merged in the decree, provided, inter alla, for custody of the two infant children of the marriage to be awarded to the defendant husband. The judgment further required the defendant to pay to the plaintiff "for her support the sum of one hundred and ten ($110.00) dollars per week during her lifetime until she remarries”, and further provided for the payment of the plaintiff’s counsel fees. The plaintiff was accorded visitation with the infant children of the marriage specifically within *20 the State of New York and "at her residence outside the State of New York” during specified holiday and vacation periods.
Thus, it is clear from the record of this case that the plaintiff withdrew her complaint and her claim for custody of her children and in consideration therefor received an agreement for the payment of alimony notwithstanding the husband’s entitlement to be free of the payment of alimony had he been able to establish his causes of action for cruel and inhuman treatment after a trial. (Domestic Relations Law, § 236; Math v Math., 39 AD2d 583, affd 31 NY2d 693; Votta v Votta, 40 AD2d 532; Hessen v Hessen, 33 NY2d 406, 410.)
The defendant husband, for his part, assumed the alimony burden in exchange for an uncontested divorce decree in his favor, custody of his children and for such other benefits as he derived from the stipulation.
It appears that the child in question left the home of the father in New York and went to take up residence with her mother in Florida contrary to the father’s wishes and without his consent. This apparently was accomplished with the assistance of the mother who provided the airplane ticket for this change of residence of the daughter. It will serve no useful purpose to go into a detailed discussion of the daughter’s reasons for leaving the home of the father, nor does this court consider the acts of the child, aided and abetted by the mother, to be material in a determination of the issues before me. Suffice it to say, no application has been made to this court by any prior motion or indeed in these motions to modify the judgment with respect to the custody of the daughter. As such, the judgment of the court awarding custody to the father is not disputed and will not be disturbed.
After a conference with the court, the attorneys for both parties agreed that the facts were not in dispute and that a hearing would not be required. The issues were thus submitted for determination on the moving papers and supporting memoranda of law.
The mother here seeks equitable relief in the form of an order enforcing the judgment of this court which imposed obligations for the payment of alimony upon the defendant. Such relief (contempt, wage deduction order, etc.) is equitable in nature and is addressed to the discretion of the court. It is axiomatic that one seeking equitable relief must come into court with clean hands (Pal v Pal, 45 AD2d 738).
The circumstances under which the mother obtained cus *21 tody of the daughter of the parties are not seriously disputed. Her continued custody of the child, of the parties is admitted. She seeks no modification of the underlying decree which awarded custody to her former husband with her consent. The only aid sought of this court is compulsion for the payment, of alimony. The failure to be in compliance with that judgment is fatal to the wife’s effort to obtain the equitable assistance of this court in enforcing the judgment (Pal v Pal, supra; see, also, Abraham v Abraham, 28 AD2d 864; Schalk v Schalk, 54 Misc 2d 439). Similarly, the failure of the defendant to make payments of alimony in accordance with the judgment, irrespective of motivation, is fatal to his motion to punish the wife for contempt.
On the other hand, the husband asserts that in any event, this court is without power to enforce the underlying judgment by contempt proceedings since his agreement to pay alimony, to the wife was purely voluntary, was accorded to her as a contractual privilege which survives the decree, exceeds the requirements of statute which prima facie would bar her from receiving alimony payments (Domestic Relations hacw § 236) and is therefore unenforceable by equitable proceedings.
In making an agreement to accord to the wife the payments of alimony, the husband clearly bestowed upon her, a benefit to which she was not entitled by law (Domestic Relations Law, § 236; Math v Math, 39 AD2d 583, affd 31 NY2d 693, supra; Votta v Votta, 40 AD2d 532, supra; Hessen v Hessen, 33 NY2d 406, supra). Having done so, has he waived the statutory protection in all respects, subjecting himself to equitable enforcement proceedings? The husband argues that he has not made such a waiver; that the alimony may only be enforced as a contract in an action at law; that this judgment may not be enforced by contempt proceedings since it imposes a burden upon him which the court could not have imposed without his consent.
Although we hold above that the wife’s failure to be in compliance with the judgment is fatal to her instant motion, we believe that the husband’s premise and his conclusions are clearly erroneous.
I. WAIVER
It has been held that the statutory protection afforded a successful husband in a matrimonial action may be waived (Winsman v Winsman, 46 AD2d 820; Aquino v Aquino, 49 *22 AD2d 1013; Josephs v Josephs, 78 Misc 2d 723, 726; Carter v Carter, 52 AD2d 835).
In Aquino, the court also held that the failure to appeal from the judgment barred a later assertion of its illegality. Here, too, no appeal was taken.
II. ENFORCEMENT OF A JUDGMENT
The husband asserts that since this judgment awards relief to the wife which the court was not, absent the stipulation, empowered to award, such relief as exceeds the court’s basic power may not be the subject of equitable enforcement, but that the wife is limited to an action on contract (Ostrom v Ostrom, 270 App Div 872).
In Ostrom, it was held that the court, in awarding a judgment of divorce on the default of the defendant, exceeded its powers by including in the decree relief not sought in the complaint or provided by statute. Such relief, the court held, could not be the subject of contempt proceedings. The case is inapposite.
There have been a number of reported cases dealing with applications to modify matrimonial judgments which incorporated surviving stipulations and agreements providing for extrajudicial relief. We find none which are in point with the case at bar. Hence, we are impelled to discuss and to seek to resolve the dispute presented on this motion.
In Vranick v Vranick (41 AD2d 663), our Appellate Division held that Special Term lacked the power to modify an agreement so as to extend the alimony payments beyond a specified three-year period which was incorporated in the judgment. We read the Appellate Division’s disapproval to mean that Special Term could not modify the judgment upward, thus in effect granting an award to the wife which, absent the stipulation, would have been beyond the court’s power at the time of trial.
In Aquino (49 AD2d 1013, supra) the Appellate Division, Fourth Department, affirmed the validity of a judgment incorporating provisions for the payment of alimony, which but for the stipulation between the parties would have violated section 236 of the Domestic Relations Law. The Appellate Division affirmed Special Term in modifying the judgment downward, reducing alimony payments by $5 per week in view of a finding of changed circumstances on the part of the husband.
In Carter v Carter (52 AD2d 835, supra) our Appellate *23 Division held: "Defendant’s voluntary agreement, spread upon the record and stated to survive the judgment, waived the protection of section 236 of the Domestic Relations Law. Special Term was therefore empowered to modify the judgment by awarding alimony (see Winsman v Winsman, 46 AD2d 820; Aquino v Aquino, 49 AD2d 1013). However, such modification is limited by the terms of the stipulation and cannot exceed the $50 per week agreed upon. These facts also support an independent contract obligation (see Vranick v Vranick, 41 AD2d 663).”
It is undisputed by the parties hereto that the stipulation stands as a contract which may be independently enforced at law. (Vranick v Vranick, supra; Carter v Carter, supra; Cheatham v Cheatham, NYLJ, Nov. 23, 1976, p 14, col 3.)
Having established the validity of judgment based on a stipulation between the parties, on the waiver of the party to be charged, we perceive no basis upon which this court can deny enforcement by contempt proceedings of such a judgment. It is a judgment of no lesser quality than any other issued out of this court. It deserves and demands compliance with its mandates. To hold otherwise, would be to create distinctions between judgments of this court, would invite uncertainty and confusion and would encourage contumacious conduct.
Accordingly, the motion and cross motion of both are denied.