■ RONALD ALESZCZYK, Appellant, v EDITH P. ALESZCZYK, Respondent. —Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from a judgment granting the amount of $1,435, representing alimony past due to the wife pursuant to a decree divorcing the parties (see Domestic Relations Law, § 244). The judgment also granted a wage order directed to appellant's employer pursuant to subdivision 49-b of the Personal Property Law in the sum of $75 per week and directed payment of counsel fees to the wife's attorney. The order was based upon the provisions of a divorce decree entered February 14, 1974 which granted to the husband a divorce upon the grounds of the wife's cruel and inhuman treatment. The decree was entered after the wife withdrew her answer and counterclaim for divorce and defaulted in proceeding. By the terms of the decree the wife was given custody of the one child of the marriage and the husband was directed to pay support and alimony to the wife. No appeal was taken from that decree. Only the alimony payments are involved in this appeal. Section 244 of the Domestic Relations Law provides that a judgment for alimony arrears may be entered in the discretion of the court. However, under the provisions of section 236 of the Domestic Relations Law a court has no power, as a matter of law, to direct a husband to pay alimony to a wife who is guilty of misconduct constituting grounds for divorce (see *Gullo v Gullo*, 46 AD2d 991; *Math v Math*, 39 AD2d 583), and the court, therefore, improvidently exercised its discretion by granting respondent a judgment in this case. Since the validity of the alimony provision has not been reviewed on direct appeal and nonpayment of alimony will be a continuing cause for further proceedings, the judgment is reversed and the matter remitted, with leave to appellant to cross-move to modify the divorce decree to strike the alimony provisions, or, if the divorce was entered under a mutual mistake of law, to vacate the judgment of divorce (see *Gullo v Gullo, supra).* (Appeal from judgment of Monroe Supreme Court—motion to collect unpaid alimony.) Present—Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.