■ SAMUEL L. BUCHMAN, Respondent, v RUTH BUCHMAN, Appellant.—In a matrimonial action, defendant appeals from an order of the Supreme Court, Kings County, entered August 11, 1977, which (1) denied the branches of her cross motions which sought dismissal of plaintiff's application for a downward modification of the alimony provisions contained in a judgment of divorce and (2) directed a hearing as to plaintiff's application and the balance of defendant's cross motions which, *inter alia,* sought to fix arrears. Order affirmed, without costs or disbursements. The parties were divorced in 1972. The plaintiff-respondent had brought an action for divorce against the defendant-appellant alleging cruel and inhuman treatment. She then agreed to consent to the divorce if the plaintiff waived the protection of section 236 of the Domestic Relations Law against awarding alimony to a

wife who is found guilty of certain misconduct. A stipulation was drawn up which provided for the disposition of property and for alimony in the amount of $70 per week. The alimony provision was incorporated into the decree, but the stipulation did not survive. Thereafter, in November, 1976, plaintiff moved for a downward modification of alimony on the ground of a substantial change of circumstances. Defendant cross-moved for a money judgment for the amount of arrears, enforcement remedies and summary judgment on the motion for a downward modification. She claims that the court lacked jurisdiction to modify the alimony provision since her consent to the divorce on a fault ground was based upon her husband's agreement to pay alimony. In effect, she claims a contractual right to the amount of alimony contained in the decree, and that the court, therefore, does not have the power to alter the provision under any circumstances. Defendant relies on *Vranick v Vranick* (41 AD2d 663) and *Carter v Carter* (52 AD2d 835) to support her position. Those cases, however, are completely inapposite for they stand for the proposition that the amount of alimony based on a waiver of section 236 of the Domestic Relations Law cannot be increased because the waiver sets a maximum on the husband's liability. We do not agree with defendant's reasoning. The reason for allowing downward modification based on a substantial change of circumstances is that the full power of the court stands behind enforcement of alimony provisions. The Court of Appeals, in *Goldman v Goldman* (282 NY 296, 301), ordered a downward modification of alimony in a decree which incorporated a stipulation. It held that "the drastic remedies provided by law for the enforcement of a marital obligation" conferred on the court power over the amount of support in the decree, even if that amount was the result of a voluntary agreement between the parties. When the court is asked to invoke its power to enforce an alimony provision in the decree, it must have the authority to inquire into the circumstance of nonpayment. If there has been a substantial change of circumstances, it can modify the decree downward. The hearing in this case is to be held without delay. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.