■ ELIE A. GEMAYEL, Respondent, v JACQUELINE GEMAYEL, Appellant.—

Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: Defendant Jacqueline Gemayel appeals from every part of a judgment entered in Supreme Court on June 22, 1977 and amended September 23, 1977, which granted plaintiff Elie Gemayel, her husband, a divorce pursuant to subdivision (1) of section 170 of the Domestic Relations Law, on grounds of defendant's cruel and inhuman treatment of plaintiff, and granted to plaintiff temporary custody of the parties' five infant children. At conference with the court prior to trial, defendant had withdrawn her counterclaim and the parties had stipulated that "any judgment for plaintiff would not compromise any ability of defendant to make application for support in the Family Court." Accordingly, the divorce decree referred all questions of alimony, custody, and visitation to Family Court. The parties were married on April 18, 1954, and have seven children. Plaintiff testified at trial that defendant was argumentative and un-co-operative occasionally refusing to prepare meals and perform household chores, and falsely accusing him of mistreating her and of having an affair. Apparently the parties quarreled frequently. However, there was no evidence showing that defendant's behavior had adversely affected plaintiff's physical or mental well-being. Therefore, a divorce on the ground of cruel and inhuman treatment was improperly granted. *(Sirote v Sirote,* 54 AD2d 694; *Orloff v Orloff,* 49 AD2d 975.) The parties' stipulation that a divorce in favor of plaintiff would not prevent defendant from applying to Family Court for alimony was accepted by the trial court and incorporated into its judgment. Such stipulations cannot confer subject matter jurisdiction upon a court to order payment of alimony in contravention of section 236 of the Domestic Relations Law *(Aleszczyk v Aleszczyk,* 55 AD2d 840; *Gullo v Gullo,* 46 AD2d 991) unless the stipulation fixes a specific amount of alimony to be embodied as a term in the decree *(Carter v Carter,* 52 AD2d 835, mot for lv to app den 40 NY2d 804; *Aquino v Aquino,* 49 AD2d 1013); thus the stipulation is void. Inasmuch as the divorce decree was premised on the assumption that defendant would still be entitled to receive alimony pursuant to the invalid stipulation, the court could not have given the "special weight [which] must be given to the consequences of section 236 [of the Domestic Relations Law] if a divorce is to be granted [in favor of the plaintiff husband] for cruel and inhuman treatment." *(Hessen v Hessen,* 33 NY2d 406, 412.)* (Appeal from judgment of Jefferson Supreme Court—divorce.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.