RHODIA W. MANN, Appellant-Respondent, v EDWARD WASSERBERGER, Respondent-Appellant.—Judgment, Supreme Court, New York County, entered February 6, 1978, which denied plaintiff alimony and awarded her counsel fees is unanimously modified, on the law and the facts and in the exercise of discretion, so as to deny counsel fees and is otherwise affirmed, without costs and without disbursements. The parties were married in 1966, and there are two minor issues of the marriage. In 1972 plaintiff began an action for divorce. After defendant produced proof of plaintiff's adultery the parties entered into a separation agreement in which defendant agreed to pay alimony for five years from that date and also received custody of the children. The agreement also contained mutual waivers of any claims the parties may have against one another. Plaintiff brought a habeas corpus proceeding in 1972, and after her adultery was established the trial court awarded her custody; on appeal this court reversed and restored custody to defendant. *(People ex rel. Wasserberger v Wasserberger,* 42 AD2d 93, affd 34 NY2d 660.)* Afterward the plaintiff withdrew her allegations in her still pending divorce action and substituted a conversion divorce claim under subdivision (6) of section 170 of the Domestic Relations Law based on the separation agreement. That stipulation contained plaintiff's admission of adultery and acknowledged that she was not entitled to alimony. Thereafter, a judgment of divorce was granted and the separation agreement was incorporated but not merged in the judgment. On the eve of expiration of the five-year agreement for alimony, plaintiff asserted a claim for permanent alimony. The trial court refused stating that defendant "could have successfully defended her *[sic]* divorce action, or he might have instituted an action of his own and prosecuted it successfully. In either event, plaintiff could have received no alimony. It is well settled that no award of alimony may be made to a wife where her misconduct would constitute grounds for separation or divorce (Domestic Relations Law, section 236; Math v. Math, 39 A D 2d 583, affd. 31 N Y 2d 693; Recht v. Recht, 36 A D 2d 939 * * *; Spearman v. Spearman, 49 A D 2d 837 * * *)." In *Carter v Carter* (52 AD2d 835) the parties agreed that the husband would pay alimony and that the agreement would survive the decree. "The trial court, however, deleted the alimony provision before signing the proposed judgment on the ground that section 236 of the Domestic Relations Law precluded an award of alimony as the divorce was based on the wife's misconduct." In *Vranick v Vranick* (41 AD2d 663) plaintiff "contends that the settlement constituted a waiver of the provisions of section 236 of the Domestic Relations Law. Assuming *arguendo* that there was such a waiver, it was limited by the terms of the

settlement to a period of only three years. It is our opinion that as between the parties the stipulation constituted a valid enforceable contract to pay a certain sum for three years as alimony. While plaintiff could properly sue to enforce this agreement, it was error to grant her motion to modify it. The court does not have the power to modify or alter a stipulation in any material detail without the assent of both parties absent fraud or overreaching *(Shapiro v. Danzig,* 267 App. Div. 949; *Galusha v. Galusha,* 116 N. Y. 635, 646).'' Thus the agreement here could not be extended beyond the stated period; and plaintiff was not entitled to alimony under the Domestic Relations Law. Plaintiff argues that a husband cannot validly contract to relieve or restrict his obligation to support his wife, citing section 5-311 of the General Obligations Law. Defendant had no liability under section 236 of the Domestic Relations Law to support the adulterous plaintiff. Therefore, the agreement does not offend section 5-311 of the General Obligations Law. Though counsel fees may not be awarded in nonmatrimonial causes, on an application to modify a visitation order, subdivision (b) of section 237 of the Domestic Relations Law does permit the court to "direct the husband or father to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the wife or mother as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." Plaintiff merely sought expanded visitation. No misconduct by defendant was involved. The counsel fee for that aspect of the case should not have been awarded at all. Moreover, plaintiff made a substantial payment to her lawyers. She possesses her own assets and is unable to make a convincing showing that she lacks the resources to pay her own counsel fees. Thus, no counsel fee should have been awarded with respect to the alimony issue, either *(Kann v Kann,* 38 AD2d 545). Concur— Lupiano, J. P., Evans, Markewich and Sullivan, JJ.