■ WELLINGTON W. REYNOLDS, Respondent, v ELINOR V. REYNOLDS, Appellant.—Judgment unanimously reversed, with costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Following a judgment of separation and subsequent proceedings to hold plaintiff in contempt of court for failure to obey the terms of the judgment for payment of alimony and child support, and plaintiff's counteraction for divorce, the parties entered into a separation agreement wherein defendant agreed to default in plaintiff's action and plaintiff agreed to pay defendant $50 per week alimony and $250 per week for child support. Plaintiff further agreed "that in the event any child shall become gainfully employed but is attending school or an institution of higher learning, that the said husband during such period of time shall make the necessary payments for the support of such child"; and that when the youngest child ceased to require support, plaintiff would increase his alimony payments to defendant to the sum of $150 per week; and it was added that, "it is, accordingly, the intention of the parties to provide that the said husband shall pay the sum of $50.00 per week for the support of the wife and $250.00 for the support of the children or child of the parties until the youngest child of the parties shall become emancipated and graduated from an institution of higher learning, and that at that time the $50.00 per week payment to the said wife shall increase to the sum of $150.00 per week and all other payments cease absolutely and forever." Plaintiff then proceeded to obtain his judgment of divorce on defendant's default, and at his request the alimony and support provisions of the separation agreement were made a part of the judgment. The parties' youngest child, James, attained 21 years of age in February, 1977, when he was in his junior year in college. Between February 28, 1977 and September 4, 1977, a period of 27 weeks, plaintiff made 16 of the weekly payments of $300 for alimony and support as provided in the separation agreement and judgment of divorce. Because of his complete default in making 11 of such

weekly payments, defendant made application to the court to hold plaintiff in contempt of court and for judgment for the arrearage. Upon the application and papers in support thereof and in opposition thereto and the evidence taken at a hearing thereon, it appeared that plaintiff's income at the times of the judgment of divorce and of this application was $49,500 per year, and admittedly that plaintiff was in default, as defendant alleged, in making the 11 weekly payments. Plaintiff submitted evidence in support of his claim that his living expenses and debts made it impossible for him to continue the alimony and support payments, but it does not appear that he made any application to modify the judgment. Upon plaintiff's motion, without reaching the question of plaintiff's ability to comply with the terms of the judgment of divorce, the court ruled that the provision therein that plaintiff pay for his child's support and education after attaining 21 years of age was void as a matter of public policy. It also ruled that the 16 weekly payments of $300 each paid by plaintiff during the subject period would first be applied to the total alimony due during the period, and so there was no default in alimony payments. As a result, the court dismissed the application to hold plaintiff in contempt of court; but on plaintiff's stipulation granted judgment to defendant for the $3,300 arrearage for plaintiff's failure to make the 11 weekly payments. We find no support for the ruling that the total amount of the 16 weekly payments should be applied first to the $50 per week alimony accruing during the 27-week period, resulting in no default in alimony payments. Section 71 of the Internal Revenue Code (US Code, tit 26, § 71), relied upon by plaintiff and the trial court, is to the contrary. It provides that where alimony and child support are paid in lump sums without specification of application, child support shall be satisfied first therefrom (see *Smith v Commissioner,* 51 TCUS 1, 5; cf. *Commissioner v Lester,* 366 US 299). Moreover, here plaintiff paid the precise amounts of alimony and child support in each of 16 weeks, and he was in default in alimony in 11 weeks, amounting to $550, and in child support payments in 11 weeks, amounting to $2,750. Thus, plaintiff was in default in his alimony payments, and the court erred in dismissing as a matter of law the application for contempt. Finally, we conclude that the court erred in ruling that the provision in the separation agreement requiring plaintiff to pay for support and education of his child after the latter attains 21 years of age, is void as a matter of law, that its inclusion in the judgment of divorce was a nullity and that hence the court has no authority to hold plaintiff in contempt of court for his default in complying therewith. Despite the statutory provisions excusing a father from supporting his child after it has attained 21 years of age (Domestic Relations Law, §§ 32, 240) and excusing a husband from paying alimony to his wife, divorced because of her misconduct (Domestic Relations Law, § 236; and see *Aleszczyk v Aleszczyk,* 55 AD2d 840; *Gullo v Gullo,* 46 AD2d 991), a husband and father who duly waives such provisions may not later claim the benefit thereof (see *Hessen v Hessen,* 33 NY2d 406, 411; *Carter v Carter,* 52 AD2d 835, mot for lv to app den 40 NY2d 804; *Gemayel v Gemayel,* 63 AD2d 831; *Aquino v Aquino,* 49 AD2d 1013; *Winsman v Winsman,* 46 AD2d 820; cf. *Aleszczyk v Aleszczyk, supra; Gullo v Gullo, supra).* In *Hessen (supra)* the court said (p 411): "In many cases, as in the present one, the plaintiff husband may be willing to waive his rights under section 236, in return for a divorce." In the case at bar the plaintiff husband, in settling various problems with his wife, expressly agreed to pay support and education for his children while attending college after attaining 21 years of age. The signing of this separation agreement constituted a waiver by plaintiff of his right not to

support his children while in college after 21 years of age *(Streuli v Streuli,* 60 AD2d 829; *Matter of Natalie M. v Philip M.,* 90 Misc 2d 974; *Thaw v Thaw,* 89 Misc 2d 18; *Matter of Weber v Weber,* 51 Misc 2d 1042). Thus, plaintiff had obligated himself to pay for his son's education; and when he asked the court to make the separation agreement a part of the judgment of divorce, the obligation became court imposed. Plaintiff's failure to obey the judgment renders him subject to punishment for contempt of court (Domestic Relations Law, § 245). The trial court was, therefore, in error in dismissing the application to hold plaintiff in contempt of court for failure to pay support for his adult son. The application is, therefore, reinstated. Because of its rulings on the law, the court did not reach the question of fact concerning plaintiff's ability to obey the judgment and the court did not exercise its discretion as to whether plaintiff should be held in contempt of court for willful disobedience of the terms of the judgment. The matter is, therefore, remitted to Trial Term, Monroe County, for determination of the issues in light of this memorandum. (Appeal from judgment of Monroe Supreme Court—contempt.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.