Ralph W. Wolff, Doing Business as Quality Press, Respondent, *v.* Laverne, Inc., Appellant.

First Department, November 20, 1962.

*Henry Mark Holzer* for appellant.

*Maxwell Barrett* of counsel (*Feldman & Barrett,* attorneys), for respondent.

*Per Curiam.* Defendant appeals from an order denying its motion to vacate the advancement of an action for work, labor and services to the head of the next term's General Jury Calendar by a Justice sitting at a Pretrial Term of the court.

Rule IX of the New York County Supreme Court Trial Term Rules provides for a daily Pretrial Calendar where the Justice presiding is to consider with counsel (1) the simplification and limitation of issues; (2) obtaining admissions of fact and of documents to avoid unnecessary proof; and (3) disposition of the action. The attendance of attorneys who are familiar with the case and are authorized to act is required, and the attendance of parties may also be directed. In the event of the failure of parties to appear or to be properly represented on the pretrial call, the Justice presiding has the same power with respect to dismissals or defaults as might be exercised when a case is reached for trial.

In addition to its other objectives, pretrial affords — by informal discussion with the attorneys and the court — an opportunity for the exploration and consideration of the possibility of settlement. In fact, it is the duty of the Justice to encourage talk of settlement at such pretrial conferences and he can be of immeasurable help in acting as a catalyst in bringing the parties together to a fair settlement. Discussions of settlement can be facilitated through proper exertion of such influence that may naturally flow by virtue of his office. But this does not mean that in intervening to promote a fair settlement, undue pressure or coercive measures should be applied by the Justice on either attorney.

The function of courts is to provide litigants with an opportunity to air their differences at an impartial trial according to law. While the existence of congested calendars calls for attempts to expedite the termination of suits in a minimum of time, these efforts must be consistent with the dictates of due process. Furthermore, they should not serve as a lever to exert undue pressure on litigants to oblige them to settle their controversies without their day in court. The objective should be a settlement voluntarily reached by mutual consent and not one forced on a party to his or his attorney's detriment.

Assuming the power to direct a preference (see *Plachte* v. *Bancroft Inc.,* 3 A D 2d 437), the circumstances under which it was used in the instant case did not warrant its exercise. To

penalize the defendant for not succumbing to the pressure of the Justice presiding at the pretrial to settle the case by offering an additional $1,000, by ordering a preference of the trial of this action constituted a gross abuse of discretion.*

What has been said above regarding the proper scope of a Judge's participation in settlement discussions at pretrial applies equally at other stages of an action where permissible efforts at settlement have proved unsuccessful and the parties insist upon their right to a trial. We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law. Whether such sanctions assume the form of the direction of unwarranted preferences, of compelling attorneys and litigants unnecessarily to wait in the courtroom while their cases take a desultory course on the calendar, or the exhibition of evident signs of displeasure by the Judge during or after the trial of the case, when reached, or whether such sanctions take any other devious or subtle forms, they merit and will meet with disapproval by this court.

The order denying the motion to vacate the preference should be reversed on the law and the facts and in the exercise of discretion, and the motion granted, without costs, and the case should be restored to its original position on the calendar.

BREITEL, J. P., RABIN, VALENTE, STEVENS and STEUER, JJ., concur.

Order, entered on the 10th day of September, 1962, denying the motion to vacate the preference, unanimously reversed on the law and the facts and in the exercise of discretion, without costs, and the motion granted, and the case restored to its original position on the calendar.

---

* It might be added that where a preference is granted there should be either papers upon a formal motion for such relief (*Hedges* v. *Warwick-Greenwood Lake & N. Y. Stages,* 12 A D 2d 640) or some stenographic or other record indicating grounds upon which the Justice acted (*Abramson* v. *Kenwood Labs.,* 17 A D 2d 626) in order to justify the action taken in the event of appellate review.