■ BELLE MITCHELL, Respondent, v. IOWA CAB CO., INC., et al., Appellants. — Order, entered September 6, 1968, advancing this personal injury cause on the calendar to a day certain, unanimously reversed, on the law and the facts and in the exercise of discretion, and the preference denied, with $30 costs and disbursements to appellants. At a pretrial hearing in this automobile knockdown case, although plaintiff's complaint demanded the sum of $100,000, plaintiff's counsel at the pretrial hearing asked $125,000 in settlement. Defendant offered the sum of $35,000. After further discussion, the court stated: "After discussing the facts in this case with counsel for both sides, I think that * * * the offer made confidentially by the defendants to the Court is not realistic. The case is, therefore, set down on the Ready Trial Calendar for September." We do not feel that the circumstances in the instant case warranted the order since the record fails to indicate that defendants' tactics were dilatory or in bad faith. "To penalize the defendant for not succumbing to the pressure of the Justice presiding at the pretrial to settle the case * * * by ordering a preference of the trial of this action constituted a gross abuse of discretion. * * * We view with disfavor all pressure tactics whether directly or obliquely, to coerce settlement by litigants and their counsel. Failure to concur in what the Justice presiding may consider an adequate settlement should not result in an imposition upon a litigant or his counsel, who reject it, of any retributive sanctions not specifically authorized by law." (*Wolff* v. *Laverne, Inc.,* 17 A D 2d 213, 214-215; see, also, *Binninger* v. *Grillo,* 28 A D 2d 1100; *Sulahian* v. *City of New York,* 19 A D 2d 522; *Silson* v. *City of New York,* 280 App. Div. 889.) Concur — Stevens, J. P., Steuer, Tilzer, McGivern and McNally, JJ.