■ ROBERT WERNER, Appellant, v PHYLLIS WERNER, Respondent.—Appeal from an amended judgment of the Supreme Court at Special Term, entered February 25, 1976 in Fulton County, which modified a divorce decree and awarded defendant possession of the marital residence. In a matrimonial action, the defendant withdrew her answer and counterclaim during trial and plaintiff obtained a divorce on the ground of her cruel and inhuman treatment of him. Among other things, the decree awarded custody of their two minor children to the defendant, together with weekly support payments of $25 for each, and granted defendant "the right to remain in the marital domicile until it is sold." No appeal was taken by defendant. However, less than two months after the date of the decree she requested a modification of the quoted language and plaintiff now appeals from the amended judgment granting her possession and occupancy of the residence without restriction. Since the basis for the divorce was the wife's misconduct, defendant was not entitled to alimony or occupancy of the marital residence and Special Term erred when fashioning the instant relief by relying on its discretionary authority to direct such possession under section 234 of the Domestic Relations Law (Domestic Relations Law, § 236; *Hessen v Hessen,* 33 NY2d 406; *Orloff v Orloff,* 49 AD2d 975; *Votta v Votta,* 40 AD2d 532). Consequently, there was no legal reason to disturb the original decree unless, as defendant argues, its terms were meant to reflect an independent agreement between the parties which failed of its purpose. According to defendant, plaintiff's obligation to support the children would have been fixed at a different level if the divorce court had truly contemplated only a temporary occupancy of the housing and the present amendment thus does nothing more than restore the parties to their intended position. We reject this theory. In the first place, the burden would be upon

her to establish justification for the modification and not, as Special Term concluded, for plaintiff to prove the contrary proposition. Secondly, even defendant's premise is not necessarily valid for the divorce court could have anticipated a potential revision of child support payments upon a change in their residence. Finally, the record demonstrates both parties were cognizant of the possibility that a partition action might be instituted at a later time; yet defendant failed to take available steps to cure the supposed error of which she now complains until such a suit was brought by plaintiff. The rationale of *Ripp v Ripp* (38 AD2d 65, affd 32 NY2d 755) might serve to explain her motivation, but it has no relevance to the circumstances of this case. Instead of being presented with an opportunity to use that case as a shortcut, defendant should be relegated to applying for an increase in child support payments upon the sale of the residence if the facts then demonstrate such a need. Judgment modified, on the law and the facts, by striking so much thereof as grants defendant the right to possession and continued occupancy of the marital domicile and by substituting therefor a provision that defendant has the right to live in the marital residence until it is sold and, as so modified, affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.