CAROL J. SCHWATZMAN, Respondent, v HENRY C. SCHWATZMAN, SR., Appellant.—In a matrimonial action, the defendant appeals from so much of a judgment of divorce of the Supreme Court, Suffolk County, entered May 31, 1977 as (1) awarded plaintiff (a) the total sum of $125 per week as alimony and child support and (b) exclusive occupancy of the marital residence and (2) granted plaintiff a lien on the marital residence in the sum of $15,000 and directed defendant to execute a mortgage and note upon the property. Judgment modified, on the law, by deleting the fifth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith and for the entry of an appropriate amended judgment at the conclusion thereof. The parties were married on September 22, 1957 and, during the marriage, had four children, presently aged 18, 15, 12 and 10. Marital difficulties arose and, in 1976, the plaintiff-respondent commenced the instant action for divorce predicated upon the defendant-appellant's cruel and inhuman treatment. A second cause of action sought to impose a constructive trust on one half of the value of the marital residence, the title to which was taken in the appellant's name, individually. Appellant counterclaimed for divorce, also predicated upon cruelty. By stipulation prior to the trial, which was held on January 13, 1977, the parties agreed that both their causes of action for divorce would be tried as uncontested actions, provided each presented a prima facie case. On March 13, 1977 the appellant formally executed a consent and waiver which authorized the trial court to award alimony to the respondent despite the impediment of section 236 of the Domestic Relations Law (cf. *Hessen v Hessen,* 33 NY2d 406, 410). However, no mention was made in the waiver of authorizing the trial court to grant the respondent exclusive possession of the marital residence. The trial court, *inter alia,* granted the parties a dual divorce based upon cruelty, awarded the respondent exclusive possession of the marital premises in East Hampton, together with a total of $125 per week in alimony and child support, and imposed a lien in favor of the respondent in the sum of $15,000 on the marital residence. Title to the property remained in the name of appellant, solely. On appeal, appellant attacks the economic incidents of the divorce. That part of the judgment which grants the respondent exclusive possession of the marital residence is founded upon an error of law and must be stricken. It is well settled that a divorce granted to the husband on the basis of the wife's "misconduct" (including cruelty) operates to preclude both her rights to alimony *and* exclusive possession or occupancy of the marital residence (see *Hessen v*

*Hessen,* 33 NY2d 406, 410, *supra; Votta v Votta,* 40 AD2d 532; *Werner v Werner,* 55 AD2d 735). The only exception to this principle lies where the husband has waived his rights under section 236 of the Domestic Relations Law and authorized the trial court to award the wife these rights (see, e.g., *Winsman v Winsman,* 46 AD2d 820). Here, the appellant was granted a divorce based upon the respondent's cruelty. Examination of his formal waiver indicates that it refers only to alimony and is totally *silent* on the question of exclusive possession. Absent such express authorization, the respondent is not entitled to exclusive possession of the marital residence. However, at the time the trial court entered the relatively modest award of $25 per week per child (for the four children), together with the $25 per week to the respondent in alimony, it did so in reliance upon the fact that the respondent and her children would not incur any added expense inherent in rent, moving expenses and other expenses incurred in relocating to a new residence. Accordingly, a remand is necessary for the trial court to reconsider the adequacy of the award of alimony and child support in the light of respondent's substantially greater expenses, incurred at the appellant's insistence. Upon remand, the trial court will also be free to explore with appellant the possibility that he may wish to agree that the respondent and the children remain in the marital home rather than that he bear any greater award of alimony and child support. We have examined the other contentions raised by the appellant and find them to be without merit. Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.