■ VIVIAN CIARDIELLO, Respondent-Appellant, v CAESAR CIARDIELLO, Appellant-Respondent.—In an action for divorce, (1) the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County, dated June 20, 1977, as (a) directed him to make various payments as child support, (b) awarded the wife exclusive possession of the marital residence and granted her the use of the personal property therein, (c) directed him to pay maintenance charges on the marital residence, and (d) dismissed his counterclaim for partition of the marital residence, and (2) the plaintiff wife cross-appeals from so much

---

of the same judgment as granted the defendant a divorce on the ground of her abandonment of him for a period in excess of one year. An appeal by defendant from an order of the same court, dated April 28, 1978, has been withdrawn. Judgment modified, on the law, by deleting (1) the fourth, fifth, sixth and eighth decretal paragraphs thereof and (2) so much of the eighteenth decretal paragraph thereof as dismissed the husband's counterclaim for partition. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, the counterclaim for partition is reinstated, and the action is remanded to Special Term for a hearing in accordance herewith. Special Term awarded the husband a divorce against the wife predicated on her abandonment of him. The judgment of Special Term was properly founded upon evidence that the wife changed the locks on all entrances to the marital residence in conscious disregard of the husband's right of access (see *Schine v Schine*, 31 NY2d 113, 119). Since the divorce was granted on the basis of the wife's misconduct, she lost her right to exclusive occupancy of the marital residence (see *Hessen v Hessen*, 33 NY2d 406, 410) and to carrying charges for telephone, utilities (see *Votta v Votta*, 40 AD2d 532), mortgage, taxes, insurance and necessary repairs (see Domestic Relations Law, § 236). Therefore, the portions of the judgment which grant such relief to the wife must be stricken. The fact that the wife was awarded custody of the infant child does not exempt her from this well-established rule (see *Schwatzman v Schwatzman*, 62 AD2d 988, 989; *Werner v Werner*, 55 AD2d 735). The sole exception to this rule lies where the husband has waived his rights under section 236 of the Domestic Relations Law and has authorized the trial court to make such awards (see, e.g., *Winsman v Winsman*, 46 AD2d 820). No waiver from the husband was recorded. In the light of the fact that both parties are entitled to occupancy of and access to the marital residence, the husband's counterclaim for partition should be reinstated and the case remanded for a trial of that counterclaim. Moreover, upon remand, Special Term should reconsider the adequacy of the support award. Greater expenses may be incurred in the rental of a new residence for the child and other relocating costs (cf. *Schwatzman v Schwatzman, supra*). Martuscello, J. P., Latham, Damiani and Titone, JJ., concur.