■ CAROLYN V. McGAHEE, Appellant, v F. KEITH KENNEDY, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered April 14, 1978 in Broome County, which denied plaintiff's motion for summary judgment. The parties herein were married in 1961, and three children were born of their marriage. Marital difficulties apparently developed, however, and in November of 1974 the parties entered into a separation agreement which has twice been modified. Ultimately, they were divorced in February of 1975, and in the present action plaintiff seeks a money judgment for arrears in support payments allegedly due her pursuant to the separation agreement, as modified. Defendant in his answer requests a declaration that the agreement and modifications are null and void because they were executed involuntarily by him as a result of extreme duress practiced upon him by plaintiff (see *Austin Instrument v Loral Corp.,* 29 NY2d 124, mot for rearg den 29 NY2d 749). When plaintiff moved for summary judgment in the action, her application was denied by Special Term, and it is this denial which is now challenged on the instant appeal. We hold that the order of Special Term should be affirmed. It is to be remembered that marriage contracts and all agreements relative thereto are ones in which the State has deep concern and a real interest. Such contracts or agreements are also of vital concern not only to the parties but to the issue of the marriage and others who may be directly affected thereby. As a result, separation agreements are considered in a very special way by the courts and with certain principles in mind. Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost of good faith. There is strict surveillance of all transactions between married persons, especially separation agreements and equity is so zealous in this respect that a separation agreement may be set aside on grounds that would be insufficient to vitiate an ordinary contract (see *Christian v Christian,* 42 NY2d 63, 72; and cases and authorities therein). These principles in mind, courts have thrown their cloak of protection about separation agreements and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity (p 72). In the case at hand the defendant alleges in some detail continuing coercive action by the wife and further maintains that he relied on her alleged threats which caused him to involuntarily execute the separation agreement and the modifications, and, in view of defendant's obviously strong attachment to his children, we find particularly significant the wife's alleged threat to make difficult his visitation rights as guaranteed by the agreement. Under these circumstances, even though plaintiff might well have a very strong case because of defendant's letter to her attorney and the passage of time and modifications in the agreement apparently in defendant's favor, we nonetheless conclude that there is at least a significant doubt as to whether or not there exists a material, triable issue of fact. Such being the case, and with the afore-mentioned principles in mind, we hold that the motion for summary judgment was properly denied. Order affirmed, without costs. Kane, Main and Mikoll, JJ., concur; Herlihy, J., dissents and votes to reverse in the following memorandum; Greenblott, J. P., not taking part.

Herlihy, J. (dissenting). The question posed on this appeal is whether or not the assertion by the defendant that he agreed to the support of his wife and children solely because of coercion or duress is sufficient to create an issue of fact. The answer is "no". The original agreement in 1974 was drafted by the attorney for this defendant, signed by this defendant and thereafter forwarded to the plaintiff's attorney for signature. At the request of the defendant, the agreement was subsequently modified in his favor on March 19, 1975 and again in October of 1975. In his affidavit of February 17, 1978 the defendant states that his attorney advised against his signing the agreement, but there is no affidavit in this proceeding from the reputable attorney to substantiate such allegation. It should be noted that the defendant is represented by different attorneys in this proceeding. If the matter need be further "capped", it is contained in a letter of January 24, 1975 to the plaintiff's attorney from the defendant wherein he stated, in part: "The divorce itself should be a straightforward, uncomplicated matter, as it will not be contested and all the real work of a time-consuming nature has already been completed in the separation agreement." and, further: "I would also like to thank you for the kindness and consideration that you gave to Carolyn throughout this mess. She suffered a great deal through no fault of her own. I did not think that a divorce would come so quickly, but I can certainly understand it. She truly deserves the happiness that she has in her new relationship. She is the finest person I have ever known and I shall always love her. I wish that I had recognized these things much sooner." The decision on which the majority relies, *Austin Instrument v Loral Corp.* (29 NY2d 124), concerns an action to recover payment for goods delivered under a contract and is no precedent herein. More appropriate is the recent decision of *Christian v Christian* (42 NY2d 63, 73) wherein Judge Cooke stated: "In determining whether a separation agreement is invalid, courts may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution. If the execution of the agreement, however, be fair, no further inquiry will be made." With the exception of the bold, unsubstantiated statements in the affidavit of the defendant, the evidence is overwhelming that the separation agreement was *fair*. The defendant's present stance is incredible and summary judgment should have been granted to the plaintiff.