■ RICHARD R. SAUER, Appellant, v PATRICIA L. SAUER, Respondent.— Judgment unanimously modified, on the law and facts, and, as modified, affirmed, without costs, and matter remitted to Cattaraugus County Family Court for further proceedings in accordance with the following memorandum: On July 19, 1977 appellant who had for some time been living apart from his wife and children was granted an uncontested divorce based on his wife's cruel and inhuman treatment. The judgment of divorce granted temporary custody of the three minor children to respondent wife and referred the question of custody to Family Court. The judgment also awarded the use and occupation of the marital residence to the wife and continued respondent's right to use one of the family automobiles "until further determination". Although respondent did not appear as a witness in the Family Court hearing, she did produce two witnesses who testified concerning her fitness as a parent. In December, 1977 Family Court awarded permanent custody to respondent. The court also decreed that respondent and the children "shall continue to have use and occupancy of the marital residence * * * for and until such time as either the respondent shall remarry or the premises shall be sold". In its memorandum Family Court explained that the decision to grant custody to respondent was based in part on the results of a posthearing investigation conducted by the county probation department. However, this report was not made available to appellant and since there is no evidence that he waived his right to examine it, that part of the order awarding custody must be reversed and the matter remitted to Family Court in order to afford appellant an opportunity to explain or rebut the material it contains *(Matter of Lincoln v Lincoln,* 24

NY2d 270, 273; *Kesseler v Kesseler,* 10 NY2d 445; *Di Stefano v Di Stefano,* 51 AD2d 885; *Falkides v Falkides,* 40 AD2d 1074). Considering an award of use and occupancy of a marital residence the Court of Appeals in *Hessen v Hessen* (33 NY2d 406, 410) stated that "Under section 236 of the Domestic Relations Law, a divorce granted on the basis of the wife's 'misconduct' will deprive the wife of both her rights to alimony and the exclusive occupation of the marital residence. Given the broad terminology of section 236, it appears to encompass a divorce or separation predicated on 'cruel and inhuman treatment' [citations omitted]." Other departments have denied exclusive occupancy to spouses guilty of misconduct *(Schwatzman v Schwatzman,* 62 AD2d 988; *Werner v Werner,* 55 AD2d 735). However, this case does not involve *exclusive* occupancy. Rather, the order of Family Court seems to permit a *temporary* occupancy by the wife and children anticipating that the house will be sold. The relief which appellant seeks, therefore, is available in an action for partition. With respect to the respondent wife's use of her husband's automobile, section 234 of the Domestic Relations Law authorizes the court to grant possession of property "as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties". As used in this section, the term "property" includes personal property (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, 1978-1979 Pocket Part, p 6). However, as noted, the court's power to award possession is curtailed when the party seeking it is guilty of misconduct. Since title to the automobile seems to reside solely in appellant, the respondent is not entitled to its continued use. (Appeal from judgment of Cattaraugus Family Court—custody.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.