■ CAROL KAPLAN, Respondent, v ROBERT J. KAPLAN, Appellant.—Motion by the defendant appellant for reargument of an appeal from a judgment of the Supreme Court, Westchester County, dated March 2, 1977, which appeal was decided by an order dated December 26, 1978. Motion denied and on the court's own motion, its order and decision, both dated December 26, 1978 are recalled and vacated and the following order and decision are substituted therefor: "In a matrimonial action, the defendant appeals, as limited by his brief and notice of appeal, from stated portions of a judgment of the Supreme Court, Westchester County (Caruso, J., at the trial; Gagliardi, J., on the judgment pursuant to CPLR 9002), dated March 2, 1977, which, *inter alia* (1) settled the property rights of the parties, (2) awarded alimony and child support and (3) awarded counsel fees of $20,000. Judgment modified, on the law and the facts, by (1) deleting the tenth and twelfth decretal paragraphs thereof, (2) adding a provision ordering the wife to account for the proceeds of the sale of the marital residence, and (3) reducing the amount awarded for counsel fees to $12,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith and for the entry of an appropriate amended judgment. The parties were married on November 12, 1961 in New York City. There are three children of the marriage, who, at the time of the trial, were nine, six and four years old, respectively. Marital difficulties arose and in March, 1975 the parties separated. The plaintiff wife commenced this action for separation, later amending her complaint to seek a divorce. The defendant counterclaimed for a divorce. He also sought, among other things, an accounting of the proceeds from the sale of the marital residence, the impression of a constructive trust upon the residence purchased with the proceeds of the sale, a declaration that the parties are joint and equal owners of the new residence, and a partition and sale of the new residence. The trial court, *inter alia,* granted the parties a dual divorce based on cruelty. After declaring that the marital residence, title to which was in the plaintiff's name alone, was owned jointly, the court traced the defendant's interest to the new residence and ordered the plaintiff to execute a deed which defined the parties' interest as tenants in common. It then awarded the plaintiff the exclusive occupancy of the jointly owned property, conditioned on the children's presence in the home. It stated that any balance remaining from the sale of the marital residence which had not been used for the purchase of the new residence, had been applied by the plaintiff toward the payment of taxes, carrying charges, repairs and maintenance of the new residence, the liquidation of jointly incurred debts and the support of the children, and thus found nothing due therefrom to the defendant. The provision granting exclusive occupancy of the new residence to the plaintiff is founded upon an error of law and must be struck. A divorce, which is granted to the husband on the basis of his wife's misconduct, operates to preclude her rights to exclusive possession of the marital residence *(Schwatzman v Schwatzman,* 62 AD2d 988). Thus, partition must be granted. However, Special Term relied on the exclusive possession of the residence by the plaintiff and the children when it made its award of child support. Therefore, that award

must be reconsidered in light of the new expenses which will be incurred in renting a suitable residence. Upon remand, Special Term is also free to investigate with the defendant the possibility of allowing the plaintiff to remain in the residence with the children in order to reduce those potential costs. Special Term was also in error when it determined that any balance owing to the defendant from the sale of the marital residence was used by the plaintiff to meet joint obligations and that, therefore, nothing was due the defendant. There is no basis in the record for either finding. After Special Term determined that a constructive trust existed with respect to the husband's interest in the marital residence, it should have ordered the plaintiff wife to account for the balance of the funds that remained after she reinvested the bulk of the proceeds from the sale of the marital residence in her new home. The plaintiff wife is now ordered to account. Special Term ordered the defendant to execute documents which would allow the plaintiff to take income tax deductions for the children. In view of the plaintiff's concession on appeal that this direction is unnecessary, this provision must be struck. Special Term awarded the plaintiff counsel fees of $20,000. Upon all the facts and circumstances in this case, the award was excessive. The amount should be reduced to $12,500, of which $7,500 has already been paid. We have examined the defendant's other contentions and find them to be without merit." Damiani, J. P., Titone, Suozzi and Martuscello, JJ., concur.