■    JOHN J. STAUBLE, Respondent-Appellant, v JOAN A. STAUBLE, Appellant-Respondent.—In an action for divorce, (a) the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County, dated November 9, 1977, as granted plaintiff a divorce by reason of the cruel and inhuman treatment of plaintiff by defendant, and (b) plaintiff cross-appeals from so much of the same judgment as awarded defendant exclusive possession of the marital home until such time as the youngest child by the marriage attains 18 years of age. Judgment modified, on the law, by deleting the ninth, tenth and eleventh decretal paragraphs thereof. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for a hearing in accordance herewith, and for the entry of an appropriate amended judgment at the conclusion thereof. In our opinion the credible evidence adduced at the trial clearly supports the trial court's finding that plaintiff was entitled to a divorce from defendant on the ground of cruel and inhuman treatment. The trial transcript reveals that the parties were married on June 28, 1958, and have four children by the marriage, aged 18, 16, 13 and 12 at the time of trial, June, 1977. Custody of the two youngest children was awarded to defendant under the judgment of divorce. Testimony was also adduced from the plaintiff that, at least since the fall of 1973, defendant refused to have any direct communication with him, preferring instead to use the children as intermediaries to carry messages to him. She barred members of her husband's family, as well as his social friends, from the marital residence, and also avoided associating with plaintiff's sales manager because of the latter's ethnic or religious background. On many occasions she referred to plaintiff in front of the children as a "drunkard", a "bum", "baldy", etc., cursed at him, accused him of being a sexual pervert, refused to have sexual relations with him, intercepted his business mail, struck him on one occasion, and attempted to strike him on others. Much of the plaintiff's testimony as to defendant's untoward actions directed at him was substantiated by their oldest son in his sworn testimony. Defendant's reliance on Hessen v Hessen (33 NY2d 406) is misplaced. Granted that a single completed act of violence by defendant would not, in and of itself, have warranted a decree of divorce in favor of plaintiff. However, such act, coupled with the multifaceted other

acts of cruelty, is ample proof that defendant engaged in a prolonged pattern of cruel and inhuman treatment of plaintiff sufficient to justify the subject divorce decree awarded plaintiff. We also agree with plaintiff's contention on appeal that such part of the judgment as grants the defendant exclusive possession of the marital residence is founded upon an error of law and must be stricken. It is well settled that a divorce granted to a husband on the basis of the wife's "misconduct" (including cruelty) operates to preclude her rights to both alimony and exclusive possession or occupancy of the marital residence (see *Hessen v Hessen*, 33 NY2d 406, 410, *supra; Kaplan v Kaplan*, 66 AD2d 834, 835; *Schwatzman v Schwatzman*, 62 AD2d 988). Absent express written authorization by plaintiff, defendant is not entitled to exclusive possession of the subject premises. However, it is not clear from the record that when the trial court entered the award of $50 a week support for each of the two children remaining in the custody of the defendant, it did so in reliance upon the fact that defendant would not incur any added expenses inherent in rent and in relocating to a new residence. Accordingly, a remand is necessary for the trial court to reconsider the adequacy of the award of child support in the light of defendant's substantially greater expenses, incurred at the plaintiff's insistence. Upon remand, the trial court will also be free to explore with plaintiff the possibility that he may wish to agree that defendant and the two youngest children remain in the marital home, rather than bear any greater award of child support (see *Kaplan v Kaplan, supra; Schwatzman v Schwatzman, supra).* Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.