OPINION OF THE COURT
Memorandum.
Since the record here indicates that the evidence proffered by each party with respect to the different events on which they posited their respective demands for divorce presented questions of fact, the resolution of those issues by the trial court so as to grant a divorce to the wife and to deny one to the husband, both now affirmed by the Appellate Division, are beyond our review.
We also find no reason, as a matter of law, to disturb the order of the Appellate Division insofar as it modifies the judgment of trial term by (1) deleting its award of custody of the child of the marriage to the wife, (2) deleting the provision for visitation of the child, (3) deleting its award of capital stock of Island Business Machines, Inc., to the wife, (4) deleting its provision for the payment of counsel fees to the wife’s attorney, and (5) adding a provision for interest on $27,442.40, i.e., one half of the $54,884.80 the trial court found the husband withdrew from the parties’ joint bank accounts with the Central Federal Savings and Loan Association and the Westbury Federal Savings and Loan Association.
However, the husband insists that the award to him of $27,442.40 in the ninth decretal paragraph of the judgment imposes a constructive trust on funds held "by the plaintiff in separate bank accounts”. The wife, on the other hand, contends that, contrary to the statement in the Appellate Division’s decision that the paragraph does not require the wife to pay to the husband 50% of the proceeds of the two joint bank accounts "since he in fact has already withdrawn the funds”, that is precisely what the ninth paragraph does. To resolve any ambiguity, we believe resettlement of the ninth decretal paragraph is appropriate.
Accordingly, the case should be remitted to the Supreme Court, Nassau County, for resettlement of the ninth decretal paragraph of the judgment and, except as so modified, the order of the Appellate Division should be affirmed, without costs.
*853 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order modified, without costs, and the case remitted to Supreme Court, Nassau County, for resettlement of the judgment in accordance with the memorandum herein and, as so modified, affirmed.