■ FRANCENE L. CHORNY, Respondent-Appellant, v GEORGE W. CHORNY, Appellant-Respondent. — In a matrimonial action, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered January 9, 1980, which, after a nonjury trial, *inter alia,* granted the plaintiff wife a divorce by reason of the cruel and inhuman treatment of the plaintiff by the defendant, awarded plaintiff the sums of $85 per week as alimony and $2,000 as counsel fees, and granted the defendant the exclusive use and occupancy of the marital residence. Judgment modified, on the law and the facts, by (1) deleting the award of $85 per week as alimony and substituting therefor a provision denying plaintiff alimony, (2) reducing the award of counsel fees from $2,000 to $1,000, and (3) deleting the provision granting the defendant the exclusive use and occupancy of the marital residence. As so modified, judgment affirmed, without costs or disbursements and the action is remitted to Special Term for an evidentiary hearing on the issue of the exclusive occupancy of the marital residence in accordance herewith. On this record, we find ample support for Special Term's determination that the plaintiff was entitled to a divorce from the defendant on the ground of cruel and inhuman treatment (see *Hessen v Hessen,* 33 NY2d 406). In striking a proper balance between the financial positions of the parties, and considering the fact that the defendant was granted custody of the two children of the marriage, the award of alimony to the plaintiff was improper, and the sum of $2,000 awarded to the plaintiff for counsel fees should be reduced to $1,000. In addition, the record is unclear whether there was an agreement, express or implied, between the parties that the defendant should have the exclusive use and occupancy of the marital residence, or whether the plaintiff waived her rights to possession of the marital residence. Absent a finding of an agreement or waiver, the defendant is not entitled to exclusive possession, since the divorce granted to the plaintiff based on the defendant's misconduct precludes the granting of that relief to him (see *Schwatzman v Schwatzman,* 62 AD2d 988; *Stauble v Stauble,* 72 AD2d 581). Hence, the issue of the exclusive occupancy of the marital residence is

remanded for determination to Special Term. Hopkins, J.P., Mangano, Margett and Weinstein, JJ., concur.