■ JEAN MORAN, Appellant-Respondent, v JOHN J. MORAN, Respondent-Appellant. — Judgment affirmed, without costs. Memorandum: Plaintiff wife and defendant husband were married on July 23, 1960 and have three children: a daughter, born April 9, 1966; a son, born April 6, 1967; and a daughter born November 25, 1968. On April 3, 1979 plaintiff commenced this action for divorce based upon defendant's cruel and inhuman treatment. Defendant counterclaimed for divorce based upon cruel and inhuman treatment as well as upon the separate ground of adultery. At trial plaintiff and defendant entered into a stipulation in open court. The parties each agreed to permit the other to proceed by default and to permit proof of their individual allegations; that they would waive the provisions of sections 234 and 236 of the Domestic Relations Law which might prohibit granting exclusive possession of the marital residence to one party; that whoever was awarded custody of the children would receive exclusive possession of the marital residence and its contents until the youngest child graduated from high school or a subsequent agreement change was made; that, if defendant was awarded custody of the children, he would make no claim to plaintiff for their support; and that, if plaintiff was awarded custody, the court would determine payment of support by defendant. The trial court granted the parties a dual divorce based upon cruelty and, among other things, awarded plaintiff custody of the children with a total of $145 per week in child support. Exclusive use and possession of the marital residence and its contents was granted plaintiff, who would be responsible for payment of the mortgage, taxes, insurance and utilities, but would not be entitled to a credit at the time of sale for any reduction of the principal balance of the mortgage. The parties would share equally any capital expenditures. Plain-

tiff appeals from the judgment of divorce, contending that the sum of $145 per week as child support is inadequate, and that the requirement that she pay the expenses of the marital residence without a credit at time of sale is unreasonable. It is well settled that misconduct by a wife such as would constitute grounds for divorce operates to preclude her rights to alimony, exclusive possession or occupancy of the marital residence and to carrying charges for telephone, utilities, mortgage, taxes, insurance and necessary repairs *(Stauble v Stauble,* 72 AD2d 581; *Ciardiello v Ciardiello,* 65 AD2d 765, app dsmd 46 NY2d 1076; *Schwatzman v Schwatzman,* 62 AD2d 988; *Votta v Votta,* 40 AD2d 532). The only exception to this rule lies where the husband waives his rights under section 236 of the Domestic Relations Law and authorizes the trial court to make such awards to the wife; however, the court may only award what is expressly authorized and may not award rights upon which the waiver is silent *(Schwatzman v Schwatzman, supra; Werner v Werner,* 55 AD2d 735). Here, defendant was granted a divorce based upon plaintiff's cruel and inhuman treatment. In the stipulation defendant agreed only to exclusive possession and made no indication concerning payment of mortgage, taxes, insurance and utilities. Absent such express authorization, plaintiff is not entitled to a credit at time of sale for payment of such expenses. The fixing of the amount for child support is discretionary with the trial court upon its balancing of the various aspects of the marital relationship and in the best interests of the child *(Matter of Boden v Boden,* 42 NY2d 210; *Tornese v Tornese,* 55 AD2d 602; Domestic Relations Law, § 240). Such considerations were made by the trial court, and the resulting amount of its award does not constitute an abuse of discretion. All concur, except Callahan, J., not participating, and Cardamone, J., who dissents and votes to modify the judgment in accordance with the following memorandum.

Cardamone, J. (dissenting). In 1980 the parties were accorded dual divorces on fault grounds. Appellant wife was granted custody of the three minor children and, in accordance with a stipulation, awarded exclusive possession of the marital residence which the parties owned jointly. As a condition of her exclusive possession appellant was directed to pay all the carrying charges, including monthly mortgage payments. In addition, the judgment specifically stated that at the time the property is sold appellant will not be entitled to credit for payments of mortgage principal in excess of her pro rata share. Prior to trial the parties had stipulated that whoever was awarded custody of the children would also be entitled to exclusive possession of the marital residence and its contents during the minority of the children. Since appellant is employed and is the sole tenant in possession of the residence it is proper that she should pay the ordinary expenses associated with the property in lieu of rent. This principle was incorporated by the trial court in its order that appellant pay the necessary expenses incident to the common estate and one half the cost of capital improvements. At the time of the divorce, however, appellant and her former husband became tenants-in-common as to the marital home. The general rule between tenants-in-common is that where one of the two persons liable pays more than his share of a debt secured by a mortgage on the common property, such person is entitled to obtain contribution from the other tenant out of possession to the extent by which he paid the out-of-tenant's share of the indebtedness (13 NY Jur, Cotenancy and Joint Ownership, § 40, p 45). This equitable rule has long been recognized by this court (see *Hosford v Hosford,* 273 App Div 659, 662). By directing that appellant not be credited at the time of sale for any reduction of the principal balance of the mortgage

which she had made, the trial court and the majority in my view, violate this long-standing equitable rule (see *Sterlace v Sterlace,* 52 AD2d 743, 744). As it stands, the judgment unfairly penalizes appellant by forcing her to subsidize the increase in respondent's equity in the marital residence. Accordingly, I vote to modify the judgment by deleting that part which denied appellant a credit for payments of mortgage principal in excess of appellant's pro rata share. (Appeals from judgment of Monroe Supreme Court — divorce, child support.) Present — Cardamone, J.P., Simons, Callahan, Moule and Schnepp, JJ.