(April 13, 1981)

■ KENNETH F. ADAMEC, Appellant, v JOAN ADAMEC, Respondent. — In an action for divorce, the plaintiff husband appeals from so much of an order of the Supreme Court, Westchester County, dated September 11, 1980, as (1) directed him to pay (a) $200 per week as temporary alimony, (b) $100 per week as temporary child support, and (c) the maintenance expenses of the marital home, including taxes, insurance, mortgage and amortization, fuel, gas, electric, water and basic telephone; and (2) awarded the defendant wife (a) temporary custody of the parties' 19-year-old son and (b) exclusive possession of the marital home. Order modified, on the law, by deleting that portion which awards temporary custody of the parties' 19-year-old son to defendant, and substituting a provision denying defendant's application for temporary custody. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appellant's application, *inter alia,* to strike respondent's brief denied. The parties' 19-year-old son, having attained the age of majority, can no longer be the subject of a custody order (see Domestic Relations Law, § 2; *Markland v Markland,* 67 AD2d 940, mod on other grounds 48 NY2d 851; *Silverman v Silverman,* 50 AD2d 824). Under the circumstances of this case, and noting that the trial is set for April 20, 1981, we direct that the parties proceed to trial at said time subject to the approval of the Justice there presiding. We have considered plaintiff's remaining contentions and find them to be without merit. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.

■ KAREN ANTONECCHIA, Respondent, v JOSEPH ANTONECCHIA, Appellant. — In a matrimonial action in which a judgment of divorce was entered in favor of the defendant husband upon the default of the plaintiff wife, the defendant appeals from an order of the Supreme Court, Westchester County, dated September 30, 1980, as resettled by an order dated January 14, 1981, which granted plaintiff's motion to vacate the default judgment. Order as resettled affirmed, with $50 costs and disbursements. Plaintiff's counsel was engaged in a criminal trial by order of the Administrative Judge of Bronx County on the date the inquest was held in the instant action. As such, the default was excusable and, as the plaintiff has set forth a meritorious defense to the counterclaim interposed, vacatur of the judgment of divorce in favor of the defendant and opening up of the default by Special Term was not an abuse of discretion (see *Marshall v Marshall,* 65 AD2d 551). This case should be tried expeditiously. Mollen, P. J., Hopkins, Weinstein and Thompson, JJ., concur.