■ WILLIAM A. SCHUNK, JR., Respondent, v SARAH A. SCHUNK, Appellant. — Order reversed, without costs, and defendant's motion granted. All concur, Cardamone, J. P., not participating. Memorandum: At the urging of the court the parties spent a day and a half in efforts to resolve the economic aspects of their dispute. Defendant's chief concern was continued occupancy of the marital residence by her and the children of the parties rather than a sale of the property. Agreement was reached which, *inter alia,* provided that title to the marital residence would pass to defendant upon her paying certain moneys

to plaintiff. The stipulated agreement was placed on the record and mutual divorces were granted incorporating the terms of the stipulation. Key to this agreement was defendant's belief that she could borrow the required funds. Upon learning that she was unable to borrow the money, defendant, on the next day of court, advised her attorney and the court of her unfulfilled expectations and her inability to comply with the stipulation. The court directed the parties to proceed with the stipulation. Defendant moved to vacate the default judgments and rescind the stipulation based upon impossibility of performance on her part. While conceding that it had exerted pressure on the parties to settle the case and had stated that it "could" direct the sale of the real property in dispute, the court denied the motion. There should be a reversal. We recognize the importance of settlement in promoting the efficient operation of the judicial system, but "pressure tactics" to coerce settlements are not permissible *(Mitchell v Iowa Cab Co.,* 31 AD2d 519). "The function of courts is to provide litigants with an opportunity to air their differences at an impartial trial according to law." *(Wolff v Laverne, Inc.,* 17 AD2d 213, 214.) The court's efforts "should not serve as a lever to exert undue pressure on litigants to oblige them to settle their controversies without their day in court." *(Wolf v Laverne, Inc., supra,* p 214.) These considerations take on an added dimension of importance in the context of a divorce settlement. The Court of Appeals in acknowledging the necessity for strict surveillance of agreements between spouses stated that "courts have thrown their cloak of protection about separation agreements and made it their business, when confronted, to see to it that they are arrived at fairly and equitably, in a manner so as to be free from the taint of fraud and duress, and to set aside or refuse to enforce those born of and subsisting in inequity." *(Christian v Christian,* 42 NY2d 63, 72; see, also, *McGahee v Kennedy,* 67 AD2d 783, revd on other grounds 48 NY2d 832.) Since whether plaintiff prevails in his action for divorce could affect defendant's rights to possession of the marital domicile *(Hessen v Hessen,* 33 NY2d 406, 410; *Stauble v Stauble,* 72 AD2d 581; *Kaplan v Kaplan,* 66 AD2d 834; *Werner v Werner,* 55 AD2d 735; *Orloff v Orloff,* 49 AD2d 975), the default judgments should be vacated and the stipulation rescinded (see *Corcoran v Corcoran,* 73 AD2d 1037; *Stern v Stern,* 63 AD2d 700; *Pisano v Pisano,* 71 AD2d 670; *Perlmutter v Perlmutter,* 65 AD2d 601). (Appeal from order of Monroe Supreme Court, Contiguglia, J. — divorce — vacate stipulation.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.