■ MARIE C. PARRY, Respondent, v FRANK A. PARRY, Appellant. — Judgment unanimously modified by striking the sixth decretal paragraph and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: The parties were married on September 6, 1964 and have two minor children. Defendant is a practicing attorney; plaintiff, since the onset of her marital difficulties, has become a real estate salesperson. She commenced this action for divorce in September, 1978 and defendant served an answer and counterclaim in July, 1979. At the beginning of the trial the parties stipulated to the granting of a dual divorce; defendant withdrew his answer, plaintiff withdrew her reply to the counterclaim and both parties testified in order to establish their respective allegations. It was also stipulated that plaintiff would have custody of the children and exclusive possession of the marital residence. The major dispute, therefore, involved the financial settlement. During the course of their testimony on their respective liabilities and assets, both parties referred to joint bank accounts. Plaintiff testified that at one time there had been four or five joint bank accounts, that she had signed deposit cards showing "Frank A. or Marie C. Parry," that she had the passbooks but had never contributed to the accounts and that after their marital problems began, the bankbooks disappeared. She said that she subsequently discovered that the accounts had been changed to delete her name. During defendant's testimony, in response to inquiry from the court, defendant initially claimed that the joint accounts had been depleted but subsequently indicated that he had transferred approximately $55,000 to accounts in the name of his brother and sister to be held for the children. He had not listed this money as an asset on the financial statement submitted to the court, but admitted that he had access to it. In a written decision the court determined that "[t]he transfer of the money from the bank account in the sum of $55,000 is money for which Mrs. Parry would be entitled to share under the rules of Equitable Distribution because the record indicates that this money was accumulated during the course of the marriage. Under the circumstances, a fair and equitable distribution is to turn the marital residence over to the wife and permit Mr. Parry to keep the cash." Consequently, the judgment directs defendant to convey his right, title and interest in the marital residence to plaintiff. It further directs defendant to pay the sum of $75 per week per child until the children are either emancipated or have finished their education, and to pay their medical and dental expenses. Both parties initially appealed from the judgment but plaintiff has withdrawn her appeal. It was clearly error for the court to apply the Equitable Distribution Law (Domestic Relations Law, § 236, part B) to this proceeding inasmuch as it was instituted in September, 1978 and the provisions of the Equitable Distribution Law did not become effective until July 19, 1980 (see *Pollack v Pollack,* 56 NY2d 968; *Valladares v Valladares,* 55 NY2d 388; *Tucker v Tucker,* 55 NY2d 378). It was also erroneous for the court to direct defendant to transfer his interest in the marital residence to plaintiff (see *Grillo v Grillo,* 86 AD2d 965, 966; *Baum v Baum,* 72 AD2d 781). Defendant had agreed that plaintiff should have exclusive possession of the marital residence but, inasmuch as a fault divorce was granted against plaintiff, she was entitled to exclusive possession of the residence only because defendant had waived his rights under section 236 of the Domestic Relations Law.

However, the court may award only that to which the waiver is directed and may not exceed the stipulation (see *Moran v Moran,* 81 AD2d 740, 741; *Schwatzman v Schwatzman,* 62 AD2d 988). With respect to the award of child support, inasmuch as it is entirely discretionary with the trial court to weigh the relative financial positions of the parties, to evaluate the testimony and determine what is in the best interests of the children (see *Matter of Boden v Boden,* 42 NY2d 210; *Moran v Moran,* 81 AD2d 740, 741, *supra*), the amount of this award appears to be a proper exercise of discretion. With respect to the bank accounts, however, there must be a further evidentiary hearing to determine the facts and circumstances under which the accounts were established; the intent of the depositor, the number of accounts and the amounts contained therein and, if it is established that joint accounts were created, the point at which defendant improperly withdrew the share to which plaintiff was entitled. When an account is established payable "to either or survivor," a presumption is created that a joint account was intended which at the time of the death of one of the tenants, entitles the survivor to the whole thereof (*Matter of Bricker [Krimer] v Krimer,* 13 NY2d 22; *Walsh v Keenan,* 293 NY 573; *Marrow v Moskowitz,* 255 NY 219; Banking Law, § 675). However, the presumption is rebuttable. If money is withdrawn from the account by one tenant, it does not destroy the joint tenancy if one was properly created. It merely opens the door to competent evidence that no joint tenancy was intended to be created (*Matter of Bricker [Krimer] v Krimer, supra,* p 27; *Matter of Porianda,* 256 NY 423). The creation of a joint account vests in each tenant a present unconditional property interest in an undivided one half of the money deposited, regardless of who puts the funds on deposit. "Even when one of [the parties] is the sole donor of the fund, once such a moiety comes into existence it cannot be canceled unilaterally * * * [W]here a joint tenant withdraws more than his or her moiety * * * there is an absolute right in the other tenant, during the lifetime of both, to recover such excess. (*Matter of Bricker [Krimer] v Krimer,* 13 NY2d 22, 27, *supra; Walsh v Keenan,* 293 NY 573, *supra; Matter of Juedel,* 280 NY 37; *Marrow v Moskowitz,* 255 NY 219, *supra*.)" (*Matter of Kleinberg v Heller,* 38 NY2d 836, 841-842 [concurring opn, Fuchsberg, J.].) This principle is particularly applicable in the case of a husband and wife. "Absent clear evidence to the contrary, the opening of the accounts in the joint names of the husband and wife implies an intention, no matter from whom the funds were derived, that the spouses were jointly interested in the accounts. Again, absent clear evidence to the contrary, their interests may be presumed to be equal" (*Angelo v Angelo,* 74 AD2d 327, 330). If on remand it is established that joint accounts were created, defendant would be liable to plaintiff for the amount that he withdrew in excess of his moiety (*Matter of Kleinberg v Heller,* 38 NY2d 836, 842, *supra*). Additionally, plaintiff would be entitled to interest on that amount from the time of withdrawal (*Markland v Markland,* 67 AD2d 940, mod on other grounds 48 NY2d 851). (Appeal from judgment of Supreme Court, Oneida County, Tenney, J. — divorce.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.