■ MICHAEL T. BARRY, Appellant-Respondent, v KATHLEEN M. BARRY, Respondent-Appellant. — In a matrimonial action, (1) plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered August 4, 1980, as awarded the defendant wife the sum of $90 per week as child support and directed him to pay the carrying charges on the marital residence, and (2) defendant wife cross-appeals, as limited by her brief, from so much of the same judgment as granted the plaintiff a divorce on the ground of cruel and inhuman treatment, denied her request for alimony and failed to award her sufficient child support. Judgment modified, on the law and the facts, by deleting therefrom the seventh decretal paragraph thereof requiring plaintiff to pay the carrying charges on the marital home. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings in accordance herewith and for the entry of an appropriate amended judgment at the conclusion thereof. Defendant's contention that the plaintiff was not entitled to a divorce on the ground of cruel and inhuman treatment is without merit. Based on the trial evidence, the court was justified in concluding that the defendant had assaulted the plaintiff on at least two occasions. This, plus the fact that the defendant had openly carried on a relationship with another man, despite the plaintiff's repeated protestations that she stop, constituted a pattern of cruel and inhuman treatment sufficient to justify the subject decree (see *Stauble v Stauble,* 72 AD2d 581). It is well settled under the controlling statute (former section 236 of the Domestic Relations Law) that a divorce granted to a husband on the basis of his wife's "misconduct" (including cruelty) operates to preclude her rights to alimony, exclusive possession of the marital home, and the payment of carrying charges on the marital residence (see *Hessen v Hessen,* 33 NY2d 406, 410; *Ciardiello v Ciardiello,* 65 AD2d 765, app dsmd 46 NY2d 1076; *Schwatzman v Schwatzman,* 62 AD2d 988). The sole exception to this rule is where the husband has waived his rights under the statute and authorized the trial court to make such awards (see *Ciardiello v Ciardiello, supra,* p 766), in which event the court may only award that which is expressly authorized by the husband (see *Moran v Moran,* 81 AD2d 740). Plaintiff at bar expressly waived his rights only to the extent of granting the defendant exclusive possession of the marital home, but at no time did he authorize an award of alimony or the payment of carrying charges on the marital residence. Accordingly, the defendant is not entitled thereto (see *Moran v Moran, supra; Schwatzman v Schwatzman, supra*), and the award of carrying charges must be stricken from the judgment. Special Term, however, obviously awarded child support in the sum of $30 per week per child in reliance upon the fact that the plaintiff would be paying the carrying charges on the marital residence, and that the defendant would not be incurring any additional expenses attributable to providing shelter for the children. Accordingly, a remand is

necessary in order for Special Term to reconsider the adequacy of the award of child support in light of our determination, and to explore with the plaintiff, if deemed advisable, a concession on his part to pay the carrying charges in lieu of a greater award of child support (see *Stauble v Stauble, supra; Schwatzman v Schwatzman, supra*). Mangano, J. P., Gulotta, Bracken and Niehoff, JJ., concur.