■ GERALD BURKE, Appellant, v CLARE K. BURKE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered December 14, 1982 in Albany County, which granted defendant's motion to amend a prior judgment of divorce so as to require plaintiff husband to make biweekly support payments and found plaintiff in arrears with respect to those payments retroactively. Plaintiff husband sued for divorce in October, 1979; defendant answered and counterclaimed for divorce. In November, 1981, a dual divorce based on cruel and inhuman treatment was granted. The judgment, entered February 10, 1982, gave the parties joint custody of their 13-year-old son and awarded plaintiff, who was to have primary physical custody of the boy, exclusive possession of the jointly owned marital residence until September, 1986, at which time the property was to be sold and the net proceeds divided equally between the parties. Although the court's decision recited that plaintiff was to pay defendant $250 in support every two weeks,

the judgment contained no such provision. Some 10 months after entry of the judgment, defendant successfully moved to have it amended to include the support ordered. Plaintiff maintains, and we agree, that since the trial court expressly concluded that defendant had treated plaintiff in a cruel and inhuman fashion, an alimony award is precluded. Section 236 of the Domestic Relations Law prohibits decreeing alimony to a spouse who has been adjudged guilty of misconduct justifying a divorce (*Moran v Moran*, 81 AD2d 740; *Stauble v Stauble*, 72 AD2d 581). There is no evidence in this record that the plaintiff husband waived his rights in this regard or stipulated to pay alimony. Neither the *pro forma* nature of the proceedings below, plaintiff's possession of the marital residence, nor his payment of some support to defendant establishes the existence of a promise to make the biweekly alimony payments being sought. The seeming inequity in denying defendant alimony because of her misbehavior while allowing plaintiff temporary exclusive possession of the marital home despite his misconduct has not escaped our notice. However, inasmuch as defendant has not appealed or otherwise challenged plaintiff's possession, we are unable to redress it. Order reversed, on the law, and motion denied, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.