■ In the Matter of the Dissolution of CAMP SHANE, INC. DAVID ETTENBERG, Respondent; SELMA ETTENBERG et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 31, 1991 in Sullivan County, which, *inter alia,* in a proceeding pursuant to Business Corporation Law article 11, granted petitioner's motion to enforce a stipulation of settlement entered into between the parties.

Camp Shane, Inc. (hereinafter CSI) is a closely held corporation that owns and operates a co-ed diet camp for children in the Town of Liberty, Sullivan County. Respondents formed CSI in about 1968 and each own 25.5% of CSI's outstanding stock; petitioner, who is respondents' son, began working at

CSI in about 1980 and owns the remaining 49% of CSI's stock. Pursuant to an agreement made between the parties in 1987, respondents promised to convey to petitioner a controlling interest in CSI and petitioner agreed to continue operating CSI.

Claiming that the 1987 agreement was invalid or that petitioner had breached the agreement, respondents commenced an action against petitioner and his wife in 1991. Petitioner in turn commenced this proceeding seeking dissolution of CSI. The parties ultimately reached a settlement whereupon a stipulation of settlement was read into the record in the dissolution proceeding. Respondents apparently became dissatisfied with the settlement and sought to vacate the agreement; petitioner took steps to enforce the agreement. Following recusal by the Justice who had been hearing the case, Supreme Court granted petitioner's motion to enforce the settlement agreement and denied respondents' cross motion to vacate the agreement. Respondents have appealed.

Our review of the record in this case convinces us that Supreme Court erred in refusing to vacate the settlement agreement (see, Schunk v Schunk, 84 AD2d 904, 905). Having so found, it is unnecessary to discuss the other issues raised on this appeal.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and settlement agreement vacated.