■ STEWART L. WINSMAN, Appellant-Respondent, v. JUDITH E. WINSMAN, Respondent-Appellant.— Cross appeals from an order of the Supreme Court at Special Term, entered July 13, 1973 in Essex County, which' denied plaintiff's motion to modify the judgment of divorce by terminating or reducing the alimony and support payments provided for therein and which denied defendant's motion for an award of counsel fees.  The plaintiff commenced this action by service of a summons with notice on November 24, 1971.  A notice of appearance was filed and preparation of the defense begun by the defendant and her counsel.  However, the parties and their attorneys, after long consultation, hard bargaining sessions and an eventual exercise of mutual forebearance, finally reached an agreement and, pursuant to same, the defendant directed the withdrawal of the appearance and the plaintiff proceeded to obtain a default judgment.  In pursuit of this judgment and while testifying, the plaintiff acknowledged the agreement and its provisions for alimony and support.  The court noted this agreement in its findings, and its provisions for alimony and support and disposition of the mutually owned real estate are provided for in the decree of divorce.  No appeal was taken.  In January, 1973, the plaintiff made this motion, seeking a termination of or at least a reduction in alimony, asserting that section 236 of the Domestic Relations Law precluded alimony payments to a wife when she was guilty of misconduct and, failing this, that alimony should be reduced because, since the decree, the plaintiff's resources had greatly diminished.  Defendant countered to the effect that a valid agreement had been made which rendered section 236 of the Domestic Relations Law inapplicable and she further asserted that the plaintiff's income had increased.  She further contended that her income was down because the parties' diabetic daughter required special attention and diet which required defendant's presence in the home and prevented her from seeking full-time employment to supplement her income.  Additionally, she moved for counsel fees to cover the cost of the defense of the motion.  Special Term denied all relief sought, holding that, even assuming a statutory basis for plaintiff's contention in reference to section 236 of the Domestic Relations Law, plaintiff had waived that right by his stipulation to pay alimony.  We agree with Special Term.  While the plaintiff is correct when he asserts that section 236 of the Domestic Relations Law prohibits a wife from receiving alimony if her conduct constituted the basis for the grounds for the divorce (*Math* v. *Math,* 39 A D 2d 583, affd. 31 N Y 2d 693), it is abundantly clear that there is no reason why a husband cannot waive this provision or right (*Hessen* v. *Hessen,* 33 N Y 2d 406, 411).  The record clearly establishes, we think, that plaintiff did precisely that here.  The divorce was to be vigorously contested, there were serious negotiations, and, then, in exchange for the agreed support payments, defendant withdrew her appearance, thereby removing any barrier in the plaintiff's path.  The defendant, as did the court, relied upon that representation and waiver and the plaintiff should not now be relieved of an obligation he had or one he had assumed by waiver in exchange for an uncontested divorce.  In a markedly similar case (*Vranick* v. *Vranick,* 41 A D 2d 663), a similar stipulation or settlement was held to constitute a waiver and was, as between the parties, a valid and enforceable contract to pay.  Were we to hold otherwise, we would provoke the trial of countless contested matrimonial actions when such trial was neither necessary nor desirable.  Defendant asserts that the Trial Judge improperly denied her request for an award of counsel fees.

in the amount of $350. We find that such an award is warranted by the facts and circumstances of this case. Judgment modified on the facts, to the extent of granting defendant counsel fees in the amount of $350, and, as so modified, affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.