■ JOHN J. VOSS, SR., Appellant, v MARY F. VOSS, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 26, 1976 in Albany County, which denied plaintiff's motion to vacate the provisions for the defendant's support and maintenance incorporated in the judgment of divorce entered herein on March 16, 1971. Plaintiff commenced this action for an absolute divorce on the grounds of cruel and inhuman treatment against his wife, the defendant, by the service of a summons and notice on August 25, 1970. Defendant appeared in the action by counsel on August 29, 1970 by serving a notice of retainer and appearance. After the complaint was duly served, counsel for defendant signed and filed a stipulation conceding that defendant had failed to answer and was in default in pleading and was waiving "the five-day notice". Plaintiff presented proof of the material allegation of his complaint and on March 16, 1971 obtained, on his motion, a default judgment dissolving the marriage on the grounds of defendant's cruel and inhuman treatment, which judgment ordered plaintiff to continue to pay to defendant $10 per week for her support and maintenance. Plaintiff made only a few $10 payments to defendant and after plaintiff was over $2,000 in arrears, defendant started a proceeding in Family Court of Albany County to collect the arrearages and to obtain a modification of the provisions for her support. On December 11, 1975, by show cause order, plaintiff moved to vacate the support provisions in the divorce judgment and to stay the Family Court proceedings instituted by defendant, on the ground that sections 236, 244 and 245 of the Domestic Relations Law and section 412 of the Family Court Act are unconstitutional. Special Term denied plaintiff's motion finding that plaintiff did not have standing and interest to contest the constitutionality of these sections but that, in any event, these sections were constitutional. On this appeal, plaintiff claims that these sections of the Domestic Relations Law are unconstitutional in that they deprive him of the equal protection of the laws and that he has standing to contest their constitutionality. The order appealed from must be affirmed. We do not reach the constitutional issue as plaintiff does not have standing on this motion to attack the constitutionality of sections 236, 244 and 245 of the Domestic Relations Law and section

412 of the Family Court Act. Section 236 of the Domestic Relations Law and section 412 of the Family Court Act were not utilized to impose the support provisions on plaintiff in favor of defendant. Plaintiff husband obtained an absolute divorce from his wife, the defendant, on the ground of cruel and inhuman treatment. Under these circumstances the defendant was precluded from obtaining alimony under section 236 of the Domestic Relations Law. "It is beyond cavil that section 236 of the Domestic Relations Law negates the obligation of a husband to pay alimony to a wife where he has obtained a divorce based upon her misconduct *(Hessen v. Hessen,* 33 N Y 2d 406, 410–411; *Votta v. Votta,* 40 A D 2d 532; *Math v. Math,* 39 A D 2d 583, affd. 31 N Y 2d 693; *Smith v. Smith,* 60 Misc 2d 692)." *(Mellen v Mellen,* 46 AD2d 790.) A husband can waive this provision or right *(Winsman v Winsman,* 46 AD2d 820). The record clearly establishes that plaintiff waived his right here. The provision for support of defendant was inserted in the divorce pursuant to an agreement between plaintiff and defendant. Defendant in her opposing affidavit stated that plaintiff agreed to pay her $10 per week for her support and maintenance. Plaintiff did not deny the existence of this agreement. It is clear that in exchange for the agreed upon support payments, defendant through her counsel stipulated her default, thereby removing any barrier to plaintiff's action. Plaintiff through his counsel inserted the support provisions in the judgment of divorce entered upon his motion. The defendant relied upon the agreement and waiver and plaintiff should not now be relieved of an obligation he assumed in exchange for an uncontested divorce, and incorporated at his request in the divorce judgment *(Winsman v Winsman, supra).* Sections 244 and 245 of the Domestic Relations Law are not substantive but establish procedures to enforce the payment of alimony awarded pursuant to section 236 of the Domestic Relations Law. Nor was the provision for defendant's support based on section 412 of the Family Court Act. A husband's obligation under section 412 to support his wife ends when he procures a divorce *(Smith v Smith,* 60 Misc 2d 692). Order affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.