■ In the Matter of CHARLES CHATHAM, Appellant, v ALEDA CHATHAM, Respondent.—Appeal from an order of the Family Court of Ulster County, entered July 19, 1976, which denied petitioner's motion for modification of a support order and entered judgment in favor of respondent for arrears. On March 6, 1972, an order was entered by the Orange County Family Court providing for the payment of support money by petitioner husband to the respondent wife. Thereafter, in Supreme Court, Orange County, the petitioner obtained a divorce against the respondent based upon her cruel and inhuman treatment. The divorce judgment provided that the support order of Family Court be continued and that the Family Court of Orange County was to have exclusive jurisdiction over matters of support. The petitioner then sought in Family Court, Orange County, a modification of the divorce judgment as to alimony. This action was transferred to the Family Court of Ulster County because of the petitioner's current residence. The Ulster County Family Court transferred the matter to the Supreme Court, Orange County, for a determination as to whether the Supreme Court could properly grant an award of alimony to a wife after granting the husband a divorce on the grounds of a wife's misconduct. Special Term concluded that all matters concerning support had been left to the exclusive jurisdiction of the Family Court and that, therefore, the application for a modification should be made in Family Court. The Ulster County Family Court thereupon denied the petitioner's application for a modification "on the present state of the record" and granted the respondent a judgment for arrears. On this appeal the petitioner urges that the Family Court should have conducted a hearing on the petition for modification before granting a judgment for arrears, because factual issues existed as to the underlying condition of the award. Petitioner further urges that he is entitled to the protection afforded by section 236 of the Domestic Relations Law. The Family Court correctly determined that on the record before it there was no change of circumstances allowing it to modify the order of support (Family Ct Act, § 466; *Matter of Albany County Dept. of Social Servs. v Dickenson,* 54 AD2d 102; *Matter of Greene v Hannon,* 39 AD2d 681). If the original Family Court support order does not adequately reflect the conditions that the petitioner alleges were agreed to in regard to the duration of the support order, the proper proceeding is to resettle the original order in that court (2 Carmody-Wait 2d, NY Prac, § 8:125; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2219.04). The testimony in the divorce proceeding clearly reveals that the petitioner waived his right not to pay alimony, despite the fact that he had

obtained a divorce based upon respondent's misconduct *(Voss v Voss,* 54 AD2d 1032; *Winsman v Winsman,* 46 AD2d 820). Order affirmed, with costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.