■ THEODORE J. MAUGER, Appellant, v CONSTANCE R. MAUGER, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 19, 1978 in Albany County, which denied plaintiff's motion for an order modifying the judgment of divorce herein so as to strike the provision granting alimony to defendant. On July 27, 1957, plaintiff and defendant were married in Schenectady, New York. Subsequently, in March of 1975, plaintiff was granted a divorce from defendant on the ground of cruel and inhuman treatment, and included in the divorce decree was a provision that plaintiff pay defendant $110 weekly for alimony. Approximately three years later, plaintiff moved by order to show cause for an order modifying the judgment of divorce so as to eliminate his payment of alimony to defendant, and, following a hearing in the matter at Special Term on February 17, 1978, the court denied his motion. This appeal ensued. We hold that Special Term's order should be affirmed. Plaintiff's basic contention is that the court which granted plaintiff the divorce erred in directing the payment of alimony to defendant because the divorce was obtained upon a fault ground (see Domestic Relations Law, § 236). Even assuming, *arguendo,* that such an alleged error of law may be challenged, as here, by a modification proceeding rather than by direct appeal (cf. *Aleszczyk v Aleszcyzk,* 55 AD2d 840), the original award of alimony should be sustained. It is uncontested that the parties entered into a stipulation during the divorce proceeding pursuant to which plaintiff was to pay alimony to defendant. While the stipulation was later withdrawn, this action was taken over plaintiff's objection and solely for the purpose of allowing defendant to present proof on the issues of the custody of the children of the marriage and the amount of alimony she was to receive. As an examination of the record herein clearly reveals, plaintiff's subsequent conduct during the divorce proceeding conclusively established that he continued to acquiesce in and agree to payment of alimony to defendant and, accordingly, a provision to that effect was embodied in the ultimate divorce decree. Under these circumstances, it is obvious that plaintiff waived any right which he may have had under section 236 of the Domestic Relations Law to avoid alimony payments (cf. *Hessen v Hessen* 33 NY2d 406, 410-411; *Matter of Chatham v Chatham,* 57 AD2d 1012; *Voss v Voss,* 54 AD2d 1032; *Winsman v Winsman,* 46 AD2d 820), and, therefore, Special Term properly refused to strike the alimony provision from the

divorce decree. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.