OPINION OF THE COURT
Gertrude Mainzer, J.
The court has before it a motion to vacate an outstanding payroll deduction order (PDO) on the grounds that the movant-respondent is no longer legally obligated to support any of the beneficiaries of that order. The threshold issue presented by this motion is jurisdictional in nature: Does the Family Court have jurisdictional authority to compel support of an ex-wife where no alimony was awarded in the divorce decree and where there has been no referral of the alimony issue to the Family Court?
The background of this case as revealed by the case record, including the written indorsements of various Judges of this court, is as follows:
The petitioner originally filed a petition for support pursuant to article 4 of the Family Court Act on October 16, 1969. Thereafter, on January 13, 1970, an order of support for petitioner and her two children was entered against the respondent in the amount of $50. On October 15, 1970, an *826 uncontested matrimonial action brought by respondent in New York County Supreme Court resulted in a judgment of divorce based upon petitioner’s cruel and inhuman treatment of the respondent. The divorce decree, which awarded custody of one child to the petitioner and custody of a second child to respondent, made no mention of alimony but referred the issue of child support to the Family Court. Subsequently various support modification and enforcement proceedings were brought in this court, leading ultimately to a PDO in the amount of $160 biweekly which was entered on April 17, 1974. The respondent now brings the instant motion to vacate this outstanding PDO on the grounds that the support obligations underlying that order have terminated.[1]
It is conceded that both of respondent’s children are over the age of 21, the youngest having attained that age on March 26, 1979. Thus, neither "child” is legally entitled to receive support from the respondent. (Family Ct Act, § 413.) Nonetheless, petitioner opposes vacatur of the PDO asserting that she is entitled to support in her own right and that a portion of the support embodied in the PDO was intended as alimony. Petitioner also, in effect, cross-moves for an award of counsel fees for defense of this motion.
Petitioner asserts that notwithstanding the absence of an award of alimony in her divorce decree, the postdivorce support orders entered by this court, including the 1974 PDO, were intended for her support as well as that of her children and that the respondent knowingly acquiesced because of an oral agreement between the parties that respondent would continue to support the petitioner. Petitioner seeks to have this court either enforce that alleged oral agreement or to hold that respondent, by virtue of his averred acquiescence in paying support to petitioner, is now estopped from challenging this court’s authority to continue ordering the payment of such support.
Respondent answers by arguing that any support payments he may have previously made beyond that which he was legally obligated to pay were voluntary and gratuitous in nature. Respondent contends that the court lacks subject matter jurisdiction to compel him to make alimony payments *827 in the face of a divorce decree based upon petitioner’s misconduct and containing no award of alimony. The court agrees.
The Family Court is a court of limited statutory jurisdiction and its jurisdictional authority extends only to that which has been expressly conferred upon it by the Legislature. (See, e.g., Matter of Borkowski v Borkowski, 38 AD2d 752.) Parties may not, by acquiescence or stipulation, confer subject matter jurisdiction upon a court where no such jurisdiction otherwise exists. (Matter of Newham v Chile Exploration Co., 232 NY 37; Gullo v Gullo, 46 AD2d 991.) The Family Court’s subject matter jurisdiction with respect to alimony flows from sections 464 and 466 of the Family Court Act.
 Subdivision (a) of section 464 of the Family Court Act provides that the Supreme Court, in a matrimonial action, may refer the issue of alimony to the Family Court. When such a referral is made the Family Court "has jurisdiction to determine the application with the same powers possessed by the supreme court”. In the instant case, although the Supreme Court referred the issue of child support to the Family Court, no such referral of the alimony issue was made.[2] Accordingly, subdivision (a) of section 464 of the Family Court Act is not applicable.
Section 466 of the Family Court Act, entitled "Effect of granting of support in action for divorce, separation or annulment”, provides, inter alia, that "[i]f the supreme court enters an order or decree granting alimony” in a matrimonial action and neither retains exclusive jurisdiction itself nor confers exclusive jurisdiction to the Family Court, then "the family court may (i) entertain an application to enforce the order or decree granting alimony, or (ii) entertain an application to modify the order or decree granting alimony on the ground that there has been a subsequent change of circumstances and that modification is required.” (See Family Ct Act, § 466, subd [c]; emphasis added.) It is clear that subdivision (c) of section 466 of the Family Court Act by its express language empowers this court to modify the alimony provisions of a divorce decree only where alimony has been granted in that decree. (See Matter of Shirley M. v Craig M., 70 Misc 2d 974; cf. Matter of *828 Silver v Silver, 36 NY2d 324.) In the case at bar no alimony was granted in the divorce judgment and, therefore, subdivision (c) of section 466 of the Family Court Act does not confer jurisdiction upon the Family Court to modify that judgment. Furthermore, what petitioner actually seeks in this case is not a modification of an alimony award but rather an amendment of the divorce decree so as to insert an alimony award. While the Supreme Court has such power pursuant to section 236 of the Domestic Relations Law, the Family Court does not absent a subdivision (a) of section 464 of the Family Court Act referral of the entire alimony issue. (Matter of Shirley M. v Craig M., supra.)
Accordingly, the court concludes that under the circumstances of the instant case it lacks subject matter jurisdiction to compel the support of petitioner. Therefore, respondent’s motion for vacatur of the PDO is granted.
With reference to petitioner’s cross motion for an award of counsel fees in the sum of $2,500, the court finds this sum excessive. The award of counsel fees pursuant to section 438 of the Family Court Act is conditioned not only upon counsel’s own appraisal of the services rendered but also all other circumstances of the case (Matter of Brown v Brown, 82 Misc 2d 759), including the nature and extent of the services, the nature of the issues involved and the results achieved. (Matter of Hahn v Hahn, 78 Misc 2d 585, affd 44 AD2d 913.) Accordingly, the court makes an award of $750.
Based upon the foregoing, it is
Ordered that the payroll deduction order dated April 17, 1974 and the underlying order of support is hereby vacated; and it is further
Ordered that the moneys held in escrow by the support bureau pursuant to order of Judge Ferrara dated June 21, 1979 be returned to the respondent; and it is further
Ordered that petitioner is awarded $750 in counsel fees to be paid by respondent within 30 days of this decision.

. An order to show cause signed by another Judge of this court on June 21, 1979 directed the support bureau to hold all further moneys submitted in accordance with the PDO in escrow pending the disposition of this motion.

. Indeed, since the divorce judgment was predicated on petitioner’s misconduct, she would have been barred from receiving alimony pursuant to section 236 of the Domestic Relations Law (Hessen v Hessen, 33 NY2d 406), absent a stipulation between the parties to the contrary in writing (see, e.g., Voss v Voss, 54 AD2d 1032) or on the record (see, e.g., Winsman v Winsman, 46 AD2d 820).