■ In the Matter of BOAZ AVITZUR, Appellant, v SUSAN R. AVITZUR, Respondent.—Appeal from an order of the Family Court of Albany County, entered on July 7, 1978, which dismissed a petition seeking modification of a support order. The respondent originally brought an action against the appellant in 1974 seeking a divorce, and in conjunction therewith the Supreme Court at a Special Term entered an order dated November 23, 1974 which modified a prior order so as to provide that appellant must "pay the sum of $75 per week for the support of plaintiff [respondent] and the child". In a decision dated December 27, 1977, the same Special Term denied a motion by appellant for a reduction of the 1974 order upon the ground that he had previously willfully flouted the support order. In April of 1978 the parties entered into a stipulation in Supreme Court whereby respondent withdrew her complaint for a divorce and consented that the appellant should proceed on the grounds of cruel and inhuman treatment as an uncontested divorce proceeding. On May 17, 1978 a judgment of divorce was entered in favor of appellant and the judgment, after referring all matters of support to Family Court, ordered "that all existing orders of * * * support not modified herein shall continue until further order of the Family Court of the State of New York". The appellant promptly petitioned the Family Court on May 23, 1978 to reduce the outstanding Supreme Court support order of 1974 from $75 to $30. On July 5, 1978 the respondent secured an order to show cause in Family Court seeking to increase the 1974 support. However, it is only the appellant's petition that was considered by the Family Court because the respondent's show cause order was

not properly served. We note that there is no written decision and no formal findings of fact. The Family Court order simply states that "petitioner has failed to show a substantial change of circumstances". That was also the only finding of the court from the Bench following a motion on behalf of respondent to dismiss. The sole factual difference of any significance between 1974 and the filing of the petition herein in May of 1978 is that the respondent is now employed and earning $14,400 per year. With that exception, there are no changed circumstances which could affect the amount of child support or support for respondent. At the time respondent petitioned for the amount of $75 for support in 1974, she was not employed, and that fact was recognized in the 1974 order. The appellant contends that the record established a changed circumstance, but that does not create a circumstance different from the 1977 proceeding in Supreme Court seeking a reduction based on the same circumstances. Under such conditions, the conclusion of the court that the appellant has failed to establish a material change in circumstances is not against the weight of the evidence. The court advised the appellant that if he wished to proceed with the hearing it would be limited to the issue of modification of the support order and that if he wished a *de novo* review it would have to be upon a new petition. The appellant further contends that the divorce having been granted against the respondent, she is precluded from support by section 236 of the Domestic Relations Law. This contention is without any merit. At the hearing herein it was stated by counsel for respondent that the divorce was granted upon a stipulation that it would not be "considered in these proceedings as probative of anything". There was no objection by appellant to that statement *(Mauger v Mauger,* 69 AD2d 939). In any event, if there was legal error on the part of Special Term in continuing an order granting support to the respondent after the divorce, no appeal was taken, and the record does not establish any basis for seeking relief by way of a modification proceeding (see *Werner v Werner,* 55 AD2d 735; cf. *Aleszczyk v Aleszczyk,* 55 AD2d 840). Order affirmed, with costs to respondent, and without prejudice to any further proceedings. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.