■ In the Matter of BOAZ AVITZUR, Appellant, v SUSAN ROSE, Respondent. (Proceeding No. 1.) In the Matter of SUSAN ROSE, Also Known as SUSAN AVITZUR, Respondent, v BOAZ AVITZUR, Appellant. (Proceeding No. 2.)—Weiss, J. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered May 2, 1989, which, *inter alia,* partially granted petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 4, to reduce petitioner's support obligations, and (2) from an order of said court, entered August 21, 1989, which, *inter alia,* dismissed respondent's cross application, in a proceeding (No. 2) pursuant to Family Court Act article 4, to vacate a judgment directing him to pay the arrears for the support of his children.

Pursuant to a judgment of divorce filed May 17, 1978, Boaz Avitzur was required to pay Susan Rose (formerly Susan Avitzur), $75 per week as support for their son Michael. Shortly after entry of the divorce judgment, Avitzur unsuccessfully sought a reduction from $75 to $30 per week on the ground that Rose's employment constituted a substantial change in circumstances. This court affirmed Family Court's dismissal of the petition *(Matter of Avitzur v Avitzur,* 73 AD2d 1010). On August 7, 1987, Avitzur commenced proceeding No. 1 seeking termination of the support order because Michael was over 18 years of age, was attending college full-time, and

was residing with Rose only on holidays and vacations. Avitzur also sought an increase in Rose's contribution to the college expenses. A Hearing Examiner determined that Avitzur should pay 55% and Rose 45% of the total family contribution that had been sought by the college. The determination further held that child support be reduced to $35 per week until Michael reached 21 years of age. Family Court then denied the eight objections to the determination filed by Avitzur. He has appealed from that order.

On August 18, 1988, Rose commenced proceeding No. 2 seeking the entry of a judgment against Avitzur for $2,475 plus interest, which she alleged comprised arrearages in child support that Avitzur had been required to pay pursuant to a Family Court order dated November 5, 1979. In May 1989, Avitzur cross-petitioned Family Court for an order canceling, annulling and marking satisfied the 1979 support order on the ground that he had fully paid the arrearage nearly 10 years earlier. Following a trial, the Hearing Examiner found that the 1979 order had already been reduced to a judgment which was unpaid, and dismissed both the petition and the cross petition. Avitzur filed objections in which he challenged the Hearing Examiner's assessment of witness credibility. Family Court initially found that a transcript of the hearing was necessary and granted adjournments to Avitzur to file the transcript. Thereafter, Family Court denied Avitzur's application to settle the transcript (see, CPLR 5525 [d]) because the tape recording of the hearing from which a transcript could be prepared was unintelligible. Family Court further denied Avitzur's objections to the credibility determinations made by the Hearing Examiner. Avitzur has also appealed from that order.

We first address Avitzur's contention in proceeding No. 1 that Family Court erred in affirming the decision by the Hearing Examiner which ordered him to pay 55% of the "total family contribution" of $11,000 owed to the college for Michael's educational expenses and reduced child support from $75 to $35 per week because Michael lived at college for most of the year. Avitzur argues that he had saved money for Michael's college education for several years before the divorce but that Rose had control of those funds and misapplied them toward her contribution, rather than paying her share out of her own separate income or assets. Avitzur's objections focus upon an evidentiary ruling by the Hearing Examiner which precluded him from examining Rose regarding her disposition of some $35,000 which Avitzur claims was the

money he had put aside for Michael's college education. We find no error in the court's preclusion of Avitzur's inquiry into Rose's disposition of her share of marital property made many years ago.

The Hearing Examiner found that Michael had a savings account balance of $5,000 and savings bonds.[1] However, the Hearing Examiner concluded that Michael was not a party to the proceeding, and could not and should not be forced to diminish his assets for educational costs. Family Court held that as neither party had directed the child to contribute toward the cost of his education, it was proper to direct the parties to pay the "total family contribution" rather than the college recommended "parental contribution". We find this to be error. Family Court Act § 413 mandates that a child's resources be considered as a relevant factor in determining child support, and while Family Court so determined, it was error not to uphold petitioner's objection where the Hearing Examiner refused, as a matter of law, to consider them.[2] In considering this factor, the Hearing Examiner has broad discretion in assigning what weight such a factor should have on the over-all determination. In our view, therefore, the matter must be remitted to Family Court for further consideration of child support.

In proceeding No. 2 Rose petitioned to have child support arrearages reduced to judgment form, which triggered a cross petition by Avitzur to vacate the alleged arrears. After a hearing at which witnesses from the State Department of Social Services Office of Child Support Enforcement and the Albany County Support Collection Unit testified, the Hearing Examiner held that arrearages totaling $2,475 had been found to exist as of November 5, 1979, at which time Family Court had previously awarded Rose judgment against Avitzur for such amount and, further, that Avitzur had failed to produce proof or evidence of payments to reduce or satisfy the judgment. As noted, the petition was dismissed as unnecessary and the cross petition was denied for failure to establish that the

1. In his testimony, Avitzur claimed that he purchased savings bonds through payroll deductions and that Michael's name was placed on the bonds, which were to be used for his college education.

2. Family Court Act § 413 was amended, effective September 15, 1989, by the Child Support Standards Act (L 1989, ch 567) and calls for a fixed percentage of parental income, or where the fixed percentage is unjust or inappropriate, a court fixed sum considering, among the mandated factors, the financial resources of the child. Upon remittal the new Act must be applied (see, Matter of Weber v Weber, 172 AD2d 901).

judgment had been paid. It further appears that three out of five cassette tape recordings made at the hearing were unintelligible and that the court reporter could not provide a transcript. Avitzur filed specific objections pursuant to Family Court Act § 439 and, in response to a request from Family Court to file the transcript *(see,* 22 NYCRR 205.37 [b]), moved before Family Court for an order pursuant to CPLR 2004 and CPLR 5525 for an extension of time to perfect his appeal from the decision and order of the Hearing Examiner. Family Court, after having granted two adjournments of the time for filing a transcript, denied the motion to settle the transcript because no transcript could be provided *(see, Rush v Insogna,* 170 AD2d 753). On the merits of the objections, Family Court found that there was no reason to disturb the findings based upon the proof offered and that there was no evidence that the Hearing Examiner abused her discretion in her assessments of witness credibility.

Although it was Family Court that initially requested that a transcript be filed, the court had discretion to dispense with both the filing of a transcript and submission of a statement in lieu of a transcript (CPLR 5525 [d]). The findings of fact made by the Hearing Examiner thoroughly reviewed the testimony of each witness and provided a sufficient basis for her assessment of credibility. Moreover, Avitzur was unable to offer any evidence of payment of the judgment other than his own testimony. Because issues of credibility are within the Hearing Examiner's province (22 NYCRR 205.3, 205.35; *Matter of Alamo v Alamo,* 168 AD2d 493; *Matter of Drago v Drago,* 138 AD2d 704) and insofar as there has been no demonstration here that such discretion was abused or that the order did not rest upon a sound evidentiary basis, we find no reason to disturb Family Court's order which denied the objections.

As a final matter, under the circumstances present in this case, we reject the contention that Family Court erred in rendering a decision without a transcript *(see, Matter of Allen v Bowen,* 149 AD2d 828, 829; *see also,* 22 NYCRR 205.37 [b], [c]).

Mahoney, P. J., Levine, Mercure and Harvey, JJ., concur. Ordered that the order entered May 2, 1989 is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this court's decision. Ordered that the order entered August 21, 1989 is affirmed, without costs.