OPINION OF THE COURT
Minna R. Buck, J.
On March 8, 1993, the petitioner filed an objection to an *592 order of the Hearing Examiner filed on February 4, 1993. The court received no rebuttal. A transcript of the relevant section of the hearing proceeding was received on March 19, 1993.
After finding that there had been a change in circumstances since the previous order making modification of said order necessary, the Hearing Examiner increased respondent’s obligation for the support of his child, Emily Merithew. Petitioner contends, however, that the Hearing Examiner erred by disallowing the petitioner’s request to order the respondent to name his dependent child, Emily Merithew, as the sole beneficiary of his life insurance policy. Petitioner contends that the request was denied on grounds that the parents of the child had never been married. At the hearing, petitioner was unable to cite specific authority for such a request when the parties were never married. She claims nevertheless that this denial violates the Fourteenth Amendment Equal Protection Clause by discriminating against illegitimate children.
Now, after examining its record, the court finds as follows:
The relevant portion of the transcript of December 22, 1992 hearing before the Hearing Examiner indicates that counsel for petitioner requested the following: "I have one additional question: Through the employer, Mr. Tuper is entitled to life insurance and he has taken that. We are requesting that there be an order from the Court that his daughter be named at least partial beneficiary on that life insurance.” The Hearing Examiner replied: "Do you have an authority on that?” Counsel replied: "Just on the place — ". The Hearing Examiner responded: "I am not aware of any authority that can order this on this situation.” Counsel’s response: "Okay.”
Petitioner relies on Matter of Kathy G. J. v Arnold D. (116 AD2d 247, 256) which states that "both Family Court Act §§413 and 545 seek, in substance, to achieve the same end, that is, to provide for the needs of the particular child, whether marital or nonmarital, according to the circumstances of the parents and the child”. However, the opinion stresses that, "[t]he circumstances dictate the results, not the statutes, and there is a legitimate basis for the differing treatment. Equal protection of the law does not mandate absolute equality of treatment. It only requires that all persons in the same class be treated alike under like circumstances and conditions” (supra [emphasis added]).
In seeking authority for an order to have an illegitimate child named as a beneficiary on the respondent’s life insur *593 anee policy, the petitioner points to Domestic Relations Law § 236 (B) (8) (a) which states, "[t]he court may * * * order a party [to a matrimonial action] to purchase, maintain or assign a policy of insurance on the life of either spouse, and to designate either spouse or children of the marriage as irrevocable beneficiaries during a period of time fixed by the court. The interest of the beneficiary shall cease upon the termination of such party’s obligation to provide * * * child support”.
While the courts must give literal effect to unambiguous statutory language, an overriding cardinal rule is that the courts must effectuate the purpose and intent of the legislation. Chapter 281 of the Laws of 1980 added section 235 (B) (Equitable Distribution) to the Domestic Relations Law and amended various other statutes. The introduction to Domestic Relations Law § 236 (B) states that the long-range significance of the Equitable Distribution Law is that it made a profound change in the standards which govern the division of property upon dissolution of marriage. (Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 236, at 140.) With the enactment of this statute, the marriage relationship is to be viewed, more modernly, as an economic partnership. (Id., at 141.) The statute, and its amendments, were a response by the Legislature to address the reports that women and children tend to suffer an immediate decline in their standard of living in the aftermath of divorce while men enjoyed an increased standard of living. (Id.)
Women and children in nonmarital relationships are not necessarily in such circumstances. As stated in Kathy G. J. (supra, at 255) "the distinguishing characteristic of the out-of-wedlock child’s status is the absence of a legal relationship between the mother and the father”. The petitioner contends that, "Minor children, whether children of a marriage or children born out-of-wedlock, who experience the loss of one parent because of death are within the same class of persons, that being children who have lost one parent to death”. Although all children who lose a parent may be in the same "class”, their "circumstances and conditions” are not the same. A child born in wedlock shares the standard of living of the household established by the joint effort of the parents. In most circumstances, this is not true of the out-of-wedlock child. (See, Ellen N. v Stuart K, 88 Misc 2d 280.) This court acknowledges the current social trend toward increasing acceptance of voluntary, nonmarital relationships involving chil *594 dren. This status is also recognized by statutes requiring both unmarried parents to support their children. Even though the dissolution of such unions may negatively impact the standard of living of the custodial parent and the child, the statutes do not provide any basis for considering nonmarital cohabitation as equivalent to the economic partnership represented by a married household.
As Justice Marshall stated in his dissent in Califano v Boles (443 US 282, 297) "[determining the proper classification for purposes of equal protection analysis is, to be sure, not 'an exact science.’ * * * But neither is it an exercise in statutory revision”. Only by disregarding the legislative purpose of Domestic Relations Law § 236 (B) (8) (a) and the economic partnership distinction between marital and nonmarital relationships could this court hold that the child of a failed marriage and an illegitimate child are similarly situated for purposes of directing the respondent to name his out-of-wedlock child as the sole beneficiary of his life insurance policy.
Thus, no constitutional issue is properly raised by petitioner’s claim. Whether such an issue might be raised as to the rights of out-of-wedlock children in the case of nonmarital cohabitation of long standing, where the indicia of economic partnership might be present, cannot be determined on the record before the court.
In cases where the Hearing Examiner has properly exercised jurisdiction, pursuant to section 439 of the Family Court Act and the order of referral, the findings, as contained in the Hearing Examiner’s report, should not be rejected unless contrary to the weight of the credible evidence or in error as a matter of law. (Matter of Weiner v Weiner, 97 Misc 2d 920.)
Accordingly, therefore, it is
Ordered that respondent’s objection to the order of the Hearing Examiner filed March 8, 1993, be and hereby is denied; and it is further
Ordered that the modified support order of the Hearing Examiner filed and entered February 4, 1993, be and hereby is continued.