■ In the Matter of VERA BOLOTNIKOV, Respondent, v GARY BOLOTNIKOV, Appellant. [691 NYS2d 563] —In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (McElrath, J.), dated January 28, 1998, which denied his objections to an order of the same court (Spinardi, H.E.), dated November 18, 1997, which, after a hearing, granted the mother's petition for child support and spousal support, directed him to pay $198 per week in child support for the parties' daughter Anna and $55 per week in spousal support, and failed to direct the mother to pay him child support for the parties' son Roman.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the father's objections to so much of the Hearing Examiner's order dated November 18, 1997, as directed him to pay $198 per week in child support for the parties' daughter Anna and failed to direct the mother to pay him child support for the parties' son Roman; as so modified, the order dated January 28, 1998, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a new determination in accordance herewith.

Contrary to the father's arguments on appeal, the Hearing Examiner's determination as to his income was based upon documentary evidence provided by the mother and was not against the weight of the credible evidence (see, Matter of Merithew v Tuper, 158 Misc 2d 591, 594; cf., Matter of Avitzur v Rose, 174 AD2d 843, 846). However, in calculating the father's income for purposes of determining the father's child support obligation as to the parties' daughter Anna, the Hearing Examiner erroneously failed to take into account the amount of the father's spousal support obligation (see, Family Ct Act § 413 [1] [b] [5] [vii] [C]). Further, the order should include a provision authorizing adjustment to the father's child support obligation should his spousal support obligation terminate (see, Lenigan v Lenigan, 159 AD2d 108, 111; Family Ct Act § 413 [1] [b] [5] [vii] [C]).

In addition, the Hearing Examiner erroneously failed to account for the fact that the father had custody of the parties' then still-infant son Roman, and to determine an appropriate award of child support from the mother (see, Matter of Smith v Smith, 197 AD2d 830; Family Ct Act § 413 [1] [d]).

Accordingly, the matter must be remitted to the Family Court, Richmond County, for further proceedings in accordance herewith and entry of an appropriate amended order.

The father's remaining contentions lack merit. S. Miller, J. P., Ritter, Thompson and Altman, JJ., concur.